**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JAMES MORE ) | |
| ) | |
| Plaintiff, ) | FILED: SEPTEMBER 11, 2008 |
| ) | 08CV5203 |
| ) | JUDGE MANNING |
| v. ) | MAGISTRATE JUDGE KEYS |
| ) | EDA |
| CITY OF BRAIDWOOD, ) | |
| OFFICER DOUGLAS SAVARINO, Star # 118, ) | |
| a Braidwood Police Officer ) | |
| OFFICER ALLEN SOUCIE, Star # 120 ) | |
| a Braidwood Police Officer ) | |
| and UNKNOWN BRAIDWOOD POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, JAMES MORE, through his attorney, Aaron Goldstein, and makes the following complaint against Defendants CITY OF BRAIDWOOD, Braidwood Police Officers DOUGLAS SAVARINO, Star # 118 and ALLEN SOUCIE, Star # 120, and UNKNOWN BRAIDWOOD POLICE OFFICERS:

**JURISDICTION & VENUE**

1. This incident occurred on September 16, 2007, in the City of Braidwood, County of Will, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C.§ 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

## PARTIES

3. Plaintiff is a citizen of the United States who currently resides in Joliet, Illinois.

4. Defendants Douglas Savarino, Allen Soucie and Unknown Braidwood Police Officers were, at time of this occurrence, duly licensed Braidwood Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and color of law. They are sued in their individual capacities.

5. Defendant City of Braidwood, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all other defendants.

## FACTS

6. On September 16, 2007, the Plaintiff was standing outside the Shell Gas Station in Braidwood, Illinois.

7. Then and there, Defendant Savarino, illegally stopped, seized, searched and arrested the Plaintiff without probable cause or legal justification.

8. In the process of arresting the Plaintiff, Defendant Savarino hit the Plaintiff, knocked him to the ground and slammed the Plaintiff's head to the ground while handcuffing him.

9. The Plaintiff was then transported to the Braidwood Police Department.

10. The Plaintiff was held in the booking room for approximately five hours while handcuffed to the wall.

11. After being held for approximately five hours, Defendant Savarino uncuffed the Plaintiff and then shoved him into the police garage.

12. Defendant Savarino then punched the Plaintiff while Defendant Soucie and Unknown Police Officers held the Plaintiff.

13. During the struggle, Defendant Soucie struck the Plaintiff with a taser gun.

14. As the proximate result of all the aforementioned actions by Defendants Savarino, Soucie and Unknown Officers, the Plaintiff suffered bodily injury, pain and suffering and medical expenses.

15. The Plaintiff was then rearrested without probable cause or legal justification and charged with Aggravated Battery under case number 2007CF1908.

16. Plaintiff was found not guilty on February 6, 2008.

17. Plaintiff spent 143 days in custody while awaiting trial.

## COUNT I: 42 U.S.C. § 1983 Excessive Force

18. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

19. As more fully described in the preceding paragraphs, the intentional conduct of Defendants Savarino and Soucie was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

20. On information and belief, Defendant Unknown Officers were aware of Defendants Savarino and Soucie's misconduct, had reasonable opportunity to intervene, but failed to do so.

21. As a direct and proximate result of all the aforementioned actions by Defendants Savarino, Soucie and Unknown Officers, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands

compensatory damages against Defendants Savarino, Soucie and Unknown Officers in a fair and just amount sufficient to compensate the Plaintiff for the injuries he has suffered, substantial punitive damages, plus the costs of this action, attorney's fees, and such other relief as is just and equitable.

### COUNT II: 42 U.S.C. § 1983 Failure to Intervene

22. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

23. The actions or inactions of Defendants Savarino, Soucie and Unknown Officers in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Savarino, Soucie and Unknown Officers in a fair and just amount sufficient to compensate the Plaintiff for the injuries he has suffered, substantial punitive damages, plus the costs of this action, attorney's fees, and such other relief as is just and equitable.

### COUNT III: 42 U.S.C. § 1983 False Imprisonment

24. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

25. The actions of the Officer Defendants, whereby Defendants knowingly arrested and imprisoned the Plaintiff without probable cause or any other justification, constituted deliberate indifference to Plaintiff's rights under the U.S. constitution, thus violating the fourteenth and Eighth Amendments to the United States Constitution.

26. As a direct and proximate result of these Constitutional violations, the Plaintiff suffered physical injury, mental anguish, loss of freedom and loss of property.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Savarino, Soucie and Unknown Officers in a fair and just amount sufficient to compensate the Plaintiff for the injuries he has suffered, substantial punitive damages, plus the costs of this action, attorney's fees, and such other relief as is just and equitable.

### Count IV: Illinois State Law Claim of Battery (respondeat superior)

27. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

28. One or more police officers with the Defendant City of Braidwood, physically abused the Plaintiff, and these officers committed these intentional acts of harmful and offensive contact against the Plaintiff, and were without provocation or legal justification.

29. The actions of one or more Braidwood police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

30. One or more Braidwood police officers were acting in the course and scope of their employment with the City of Braidwood in taking these actions, and thus the City of Braidwood is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Braidwood, plus costs of this action, plus any other additional relief as this court deems equitable and just.

### Count V: Illinois State Law claim of Assault (respondeat superior)

31. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

32. One or more police officers with the Defendant City of Braidwood, without lawful authority, engaged in conduct which placed the Plaintiff in reasonable apprehension that he would receive a battery.

33. The actions of one or more Braidwood police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

34. One or more Braidwood police officers were acting in the course and scope of their employment with the City of Braidwood in taking these actions, and thus the City of Braidwood is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Braidwood, plus costs of this action, plus any other additional relief as this court deems equitable and just.

### Count VI: Illinois State Law Claim of Malicious Prosecution

35. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

36. As more fully described above, Defendants willfully and wantonly initiated criminal proceedings against the Plaintiff, and/or criminal proceedings to continue against him, without probable cause to believe he had committed a crime.

37. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendants created false and/or inaccurate police reports, gave false acounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

38. The criminal proceedings against the Plaintiff were terminated in his favor, in a manner indicative of his innocence.

39. As a direct and proximate result of this malicious prosecution, Plaintiff suffered financial, physical and emotional damages for having to defend himself against the false charges placed against him.

40. In taking these actions, Defendants acted within the course and scope of their employment with the City of Braidwood, and thus the City of Briadwood is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory against Defendant City of Braidwood, plus costs of this action, plus any other additional relief as this court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,

JAMES MORE

By: /s/ Aaron Goldstein
Attorney for the Plaintiff

Aaron Goldstein
6133 S. Ellis
Chicago, IL 60637
(773) 752-6950