90/08-5902.DV:tmm

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VARNDELL HURRINGS, | ) |
|       Plaintiff, | ) |
| v. | ) No.: 08 CV 5713 |
| UNKNOWN AND UNNAMED SOUTH CHICAGO HEIGHTS POLICE OFFICERS, Individually; and THE CITY OF SOUTH CHICAGO HEIGHTS, | ) Judge Rebecca R. Pallmeyer ) Magistrate Judge Arlander Keys |
|       Defendants. | ) |

**DEFENDANT THE CITY OF SOUTH CHICAGO HEIGHTS' ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, THE CITY OF SOUTH CHICAGO HEIGHTS', by and through its attorneys at Knight, Hoppe, Kurnik & Knight, Ltd., and for its Answer to the Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. §1983). This court has jurisdiction under and by virtue of 28 U.S.C. §§1343, 1331, 1367.

**ANSWER:** Defendant admits to the existence of said statute and that this Court has jurisdiction, but denies that the Plaintiff was entitled to recovery.

2. Venue is founded in this judicial court upon 28 U.S.C. §1391 as the acts complained of arose in this district.

**ANSWER:** Defendant admits to the existence of said statute and admits that venue is proper in this judicial Court but denies that the Plaintiff is entitled to recovery.

## PARTIES

3. At all times herein mentioned, Plaintiff Varndell Hurrings ("Hurrings") or "Plaintiff") was and is a citizen of the United States, and resides within the jurisdiction of this Court.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. At all times herein mentioned, an UNKNOWN NUMBER OF UNNAMED SOUTH CHICAGO HEIGHTS POLICE OFFICERS ("Unknown Defendants" or "Individual Defendants") were employed by the City of South Chicago Heights Police Department and were acting under color of state law and as the employees, agents, or representatives of the City of South Chicago Heights Police Department. These officers are being sued in their individual/personal capacity. Plaintiffs will seek leave to amend their complaint upon learning the identity of these defendants for the purpose of alleging their names.

**ANSWER:** Absent knowing the identities of the "Unknown Officers", Defendant makes no answer to paragraph 4 as it is not directed to this Defendant.

5. At all times herein mentioned, the City of South Chicago Heights was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of South Chicago Heights maintained, managed, and/or operated the City of South Chicago Heights Police Department.

**ANSWER:** Defendant admits the allegations contained in paragraph 5.

## FACTUAL ALLEGATIONS

6. On or about May 25, 2008, at approximately 12:30 a.m., Plaintiff was detained while in his vehicle at or near Sauk and Euclid in South Chicago Heights, Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph 6.

7. At that place and date, Unknown Defendants approached Plaintiff.

**ANSWER:** Defendant admits that South Chicago Heights police officers approach the Plaintiff as alleged in paragraph 7.

8. Plaintiff was handcuffed and subjected to unnecessary and unreasonable force.

**ANSWER:** Defendant admits that the Plaintiff was handcuffed by South Chicago Heights police officers, but denies that the Plaintiff was subjected to unnecessary and unreasonable force.

9. Plaintiff in no way consented to this conduct.

**ANSWER:** Defendant admits the allegations contained in paragraph 9.

10. Unknown Defendants arrested Plaintiff without probable case.

**ANSWER:** Defendant admits that South Chicago Heights police officers arrested the Plaintiff but denies the remaining allegations contained in paragraph 10.

11. There was no legal cause to seize and arrest Plaintiff.

**ANSWER:** Defendant denies the allegations contained in paragraph 11.

12. Plaintiff was driven to the police station where he was imprisoned.

**ANSWER:** Defendant admits that the Plaintiff was driven to the police station and detained, but denies the characterization of "imprisoned".

13. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, medical expenses, suffered great physical, mental, and emotional pain and suffering all to him damage in an amount to be ascertained.

**ANSWER:** Defendant denies the allegations contained in paragraph 13.

14. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendant denies the allegations contained in paragraph 14.

15. By reason of the above-described acts and omissions of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's

fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendant denies the allegations contained in paragraph 15.

## COUNT I

**Plaintiff Against Individual Defendants for False Arrest.**

Defendant, CITY OF CHICAGO OF SOUTH CHICAGO HEIGHTS, makes no answer to the allegations contained in Count I as said allegations are not directed to this Defendant.

## COUNT II

**Plaintiff Against Individual Defendants for Excessive Force**

Defendant, THE CITY OF SOUTH CHICAGO HEIGHTS, makes no answer to the allegations contained in Count II as said allegations are not directed to this Defendant.

## COUNT III

**Plaintiff Against All Defendants For The State
Supplemental Claims of Assault, Battery and Intentional
Infliction of Emotional Distress**

23. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) hereat as though fully alleged at this place.

**ANSWER:** Defendant realleges its answers to paragraphs one (1) through fifteen (15) above as if fully set forth herein.

24. The Unknown Defendants caused Plaintiff to be assaulted, battered and subjected to the intentional infliction of emotional distress as alleged above.

- 5 -

**ANSWER:** Defendant denies the allegations contained in paragraph 26.

25. The City of South Chicago Heights is liable as a result of *respondeat superior.*

**ANSWER:** Defendant admits that the City of South Chicago Heights is liable as a result of *respondeat superior* for the actions of officers in its employ, but denies any implication that any officers in its employ deprived the Plaintiff of his constitutional rights or rights under Illinois state law.

26. Therefore, all the Unknown Defendants and the City of Chicago are liable under the state supplemental claims as stated above.

**ANSWER:** Defendant denies the allegations contained in paragraph 28.

WHEREFORE, the Defendant, THE CITY OF SOUTH CHICAGO HEIGHTS, prays for judgment in its favor and against the Plaintiff, VARNDELL HURRINGS, in accordance with the foregoing.

This Defendant demands a trial by jury.

**AFFIRMATIVE DEFENSES OF THE DEFENDANT,
THE CITY OF SOUTH CHICAGO HEIGHTS**

NOW COMES the Defendant, THE CITY OF SOUTH CHICAGO HEIGHTS, by and through its attorneys at Knight, Hoppe, Kurnik & Knight, Ltd., and for its affirmative defenses to the Plaintiff's Complaint, states as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Counts III)

The alleged actions of the Unknown Officer Defendants involved the execution and enforcement of the law within the meaning of 745 ILCS 10/2-202 and such conduct cannot be characterized as willful and wanton, thus immunizing the Unknown Officer Defendants, and THE CITY OF SOUTH CHICAGO HEIGHTS is entitled to that same immunity derivatively under §2-109 of the Act.

## SECOND AFFIRMATIVE DEFENSE
### (Counts III)

The actions of the Plaintiff by acting in a disorderly manner and interfering with the duties of the Unknown Officer Defendants, were acts which the Plaintiff knew could have resulted in arrest or injury and he acted in conscious disregard for the likelihood that arrest or injury would result. These acts amounted to willful and wanton conduct and amounted to contributory fault which is more than 50% of the total fault contributing to his injuries and judgment should entered in favor of this Defendant and against the Plaintiff. Alternatively, any judgment entered in favor of the Plaintiff should be reduced by the amount of percentage of the contributory fault of the Plaintiff.

WHEREFORE, the Defendant, THE CITY OF SOUTH CHICAGO HEIGHTS, prays that judgment be entered in its favor and against the Plaintiff in accordance with the foregoing Affirmative Defenses.

Respectfully submitted by,

\_\_s/Krista E. Oswald_____
KRISTA E. OSWALD, Attorney Bar #6287032
Attorneys for Defendant, THE CITY OF SOUTH CHICAGO HEIGHTS

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
5600 North River Road, Suite 600
Rosemont, IL 60018-5114
Telephone: (847) 261-0700
Facsimile: (847) 261-0714
EMAIL: KOswald@khkklaw.com

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein, hereby certifies that on November 7, 2008, the foregoing DEFENDANT, THE CITY OF SOUTH CHICAGO HEIGHTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, AND JURY DEMAND was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **Edward M. Fox**
  efox@efox-law.com,lechavarria@efox-law.com

- **Rayne Galbraith**
  rgalbraith@efox-law.com

s/Krista E. Oswald_____
KRISTA E. OSWALD

5902 Answer-Aff Def 08-11-06