90/08-5901.DV:tmm

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 08 CV 5203 |
| ) | |
| CITY OF BRAIDWOOD; OFFICER ) | Judge Blanche M. Manning |
| DOUGLAS SAVARINO, Star #118, a ) | |
| Braidwood Police Officer; OFFICER ALLEN ) | Magistrate Judge Arlander Keys |
| SOUCIE, Star #120, a Braidwood Police ) | |
| Officer; and UNKNOWN BRAIDWOOD ) | |
| POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS CITY OF BRAIDWOOD, OFFICER DOUGLAS
SAVARINO, and OFFICER ALLEN SOUCIE'S ANSWER AND AFFIRMATIVE
DEFENSES TO THE PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COME the Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALLEN SOUCIE, by and through their attorneys at Knight, Hoppe, Kurnik & Knight, Ltd., and, for their Answer to the Plaintiff's Complaint, state as follows:

**JURISDICTION AND VENUE**

1. This incident occurred on September 16, 2007, in the City of Braidwood, County of Will, Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 1.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, §1988, the judicial code 28 U.S.C. §1331 and §1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. §1367(a).

1

**ANSWER:** Defendants admit the existence of said statutes and that this Court has jurisdiction, but deny that the Plaintiff is entitled to recovery.

## PARTIES

3. Plaintiff is a citizen of the United States who currently resides in Joliet, Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Defendants Douglas Savarino, Allen Soucie and Unknown Braidwood Police Officers were, at time of this occurrence, duly licensed Braidwood Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and color of law. They are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations contained in paragraph 4 but deny any inference that they engaged in the conduct complained of.

5. Defendant City of Braidwood, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all other Defendants.

**ANSWER:** Defendants admit the allegations contained in paragraph 5.

## FACTS

6. On September 16, 2007, the Plaintiff was standing outside the Shell Gas Station in Braidwood, Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 6.

7. Then and there, Defendant Savarino, illegally stopped, seized, searched and arrested the Plaintiff without probable cause or legal justification.

**ANSWER:** Defendants admit that Defendant Savarino stopped, seized, searched and arrested the Plaintiff but deny that such stop, seizure, search and arrest was done without legal justification or probable cause.

8. In the process of arresting the Plaintiff, Defendant Savarino hit the Plaintiff, knocked him to the ground and slammed the Plaintiff's head to the ground while handcuffing him.

**ANSWER:** Defendants deny the allegations contained in paragraph 8.

9. The Plaintiff was then transported to the Braidwood Police Department.

**ANSWER:** Defendants admit the allegations contained in paragraph 9.

10. The Plaintiff was held in the booking room for approximately five hours while handcuffed to the wall.

**ANSWER:** Defendants admit that the Plaintiff was held in the booking room for approximately five hours while handcuffed to the wall since he refused to answer basic questions and refused to sign a bond sheet.

11. After being held for approximately five hours, Defendant Savarino uncuffed the Plaintiff and then shoved him into the police garage.

**ANSWER:** Defendants admit that Defendant Savarino uncuffed the Plaintiff but deny that he was shoved into the police garage. Defendants admit that the Plaintiff was taken into the police garage to recover his bicycle.

12. Defendant Savarino then punched the Plaintiff while Defendant Soucie and Unknown Police Officers held the Plaintiff.

**ANSWER:** Defendants admit that Defendant Savarino struck the Plaintiff in self defense after Defendant Savarino was punched by the Plaintiff. Defendants deny that Defendant Soucie and an Unknown Police Officer held the Plaintiff.

13. During the struggle, Defendant Soucie struck the Plaintiff with a taser gun.

**ANSWER:** Defendants deny that Defendant Soucie struck the Plaintiff with a taser gun. Defendants admit that a taser gun was deployed by Officer Savarino.

14. As the proximate result of all the aforementioned actions by Defendants Savarino, Soucie and Unknown Officers, the Plaintiff suffered bodily injury, pain and suffering and medical expenses.

**ANSWER:** Defendants deny the allegations contained in paragraph 14.

15. The Plaintiff was then rearrested without probable cause or legal justification and charged with Aggravated Battery under case number 2007-CF-1908.

**ANSWER:** Defendants admit that the Plaintiff was charged with aggravated battery in case No. 2007-CF-1908, but deny that the Plaintiff was rearrested without probable cause or legal justification.

16. Plaintiff was found not guilty on February 6, 2008.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Plaintiff spent 143 days in custody while awaiting trial.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

### COUNT I: 42 U.S.C. §1983 Excessive Force

18. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

**ANSWER:** Defendants reallege their answers to paragraphs 1 through 17 above as if fully set forth herein.

19. As more fully described in the preceding paragraphs, the intentional conduct of Defendants Savarino and Soucie was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in paragraph 19.

20. On information and belief, Defendant Unknown Officers were aware of Defendants Savarino and Soucie's misconduct, had reasonable opportunity to intervene, but failed to do so.

**ANSWER:** Defendants deny that they engaged in misconduct and therefore deny the allegations contained in paragraph 20.

21. As a direct and proximate result of all the aforementioned actions by Defendants Savarino, Soucie and Unknown Officers, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering and medical expenses.

**ANSWER:** Defendants deny the allegations contained in paragraph 21.

**COUNT II: 42 U.S.C. §1983 Failure to Intervene**

22. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

**ANSWER:** Defendants reallege their answers to paragraphs 1 through 17 above as if fully set forth herein.

23. The actions or inactions of Defendants Savarino, Soucie and Unknown Officers in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. §1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

**ANSWER:** Defendants deny the allegations contained in paragraph 23.

**COUNT III: 42 U.S.C. §1983 False Imprisonment**

24. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

**ANSWER:** Defendants reallege their answers to paragraphs 1 through 17 above as if fully set forth herein.

25. The actions of the Officer Defendants, whereby Defendants knowingly arrested and imprisoned the Plaintiff without probable cause or any other justification, constituted deliberate indifference to Plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in paragraph 25.

26. As a direct and proximate result of these Constitutional violations, the Plaintiff suffered physical injury, mental anguish, loss of freedom and loss of property.

**ANSWER:** Defendants deny the allegations contained in paragraph 26.

**COUNT IV: Illinois State Law Claim of Battery (*respondeat superior*)**

27. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

**ANSWER:** Defendants reallege their answers to paragraphs 1 through 17 above as if fully set forth herein.

28. One or more police officers with the Defendant City of Braidwood, physically abused the Plaintiff, and these officers committed these intentional acts of harmful and offensive contact against the Plaintiff, and were without provocation or legal justification.

**ANSWER:** Defendants deny the allegations contained in paragraph 28.

29. The actions of one or more Braidwood police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER:** Defendants deny the allegations contained in paragraph 29.

30. One or more Braidwood police officers were acting in the course and scope of their employment with the City of Braidwood in taking these actions, and thus the City of Braidwood is liable based on the theory of *respondeat superior*.

**ANSWER:** Defendants admit that Braidwood Police Officers were acting in the course and scope of their employment with the City of Braidwood but deny the remaining allegations contained in paragraph 30.

**COUNT V: Illinois State Law Claim of Assault (*respondeat superior*)**

31. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

**ANSWER:** Defendants realleged their answers to paragraphs 1 through 17 above as if fully set forth herein.

32. One or more police officers with the Defendant City of Braidwood, without lawful authority, engaged in conduct which placed the Plaintiff in reasonable apprehension that he would receive a battery.

**ANSWER:** Defendants deny the allegations contained in paragraph 32.

33. The actions of one or more Braidwood police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

**ANSWER:** Defendants deny the allegations contained in paragraph 33.

34. One or more Braidwood police officers were acting in the course and scope of their employment with the City of Braidwood in taking these actions, and thus the City of Braidwood is liable based on the theory of *respondeat superior.*

**ANSWER:** Defendants admit that Braidwood Police Officers were acting in the course and scope of their employment with the City of Braidwood but deny the remaining allegations contained in paragraph 34.

**COUNT VI: Illinois State Law Claim of Malicious Prosecution**

35. Plaintiff re-alleges paragraphs 1 through 17 above as if fully restated here.

**ANSWER:** Defendants reallege their answers to paragraphs 1 through 17 above as if fully set forth herein.

36. As more fully described above, Defendants willfully and wantonly initiated criminal proceedings against the Plaintiff, and/or criminal proceedings to continue against him, without probable cause to believe he had committed a crime.

**ANSWER:** Defendants deny the allegations contained in paragraph 36.

37. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendants created false and/or inaccurate police reports, gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

**ANSWER:** Defendants deny the allegations contained in paragraph 37.

38. The criminal proceedings against the Plaintiff were terminated in his favor, in a manner indicating of his innocence.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. As a direct and proximate result of this malicious prosecution, Plaintiff suffered financial, physical and emotional damage for having to defend himself against the false charges placed against him.

**ANSWER:** Defendants deny the allegations contained in paragraph 39.

40. In taking these actions, Defendants acted within the course and scope of their employment with the City of Braidwood, and thus the City of Braidwood is liable based on the theory of *respondeat superior*

**ANSWER:** Defendants admit that they were acting within the course and scope of their employment with the City of Braidwood but deny the remaining allegations contained in paragraph 40.

WHEREFORE, the Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALLEN SOUCIE, pray for judgment in their favor and against the Plaintiff, JAMES MORE, in accordance with the foregoing.

These Defendants demand a trial by jury.

### AFFIRMATIVE DEFENSES OF THE DEFENDANTS, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALLEN SOUCIE

NOW COME the Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALLEN SOUCIE, by and through one of their attorneys at Knight, Hoppe, Kurnik & Knight, Ltd., and for their affirmative defenses to the Plaintiff's Complaint, state as follows:

#### FIRST AFFIRMATIVE DEFENSE
(Counts IV, V, and VI)

The actions of the Defendants, Officer Douglas Savarino and Officer Allen Soucie, involve the execution and enforcement of the law within the meaning of 745 ILCS 10/2-202 and such conduct cannot be characterized as willful and wanton, thus immunizing the Defendants, Officer Douglas Savarino and Officer Allen Soucie; and the City of Braidwood is entitled to that same immunity derivatively under §2-109 of the Act.

#### SECOND AFFIRMATIVE DEFENSE
(Counts IV, V, and VI)

To the extent that they were not acting in the execution or enforcement of the law, the actions of the Defendants, Officer Douglas Savarino and Officer Allen Soucie, involved the determination of policy or the exercise of discretion within the meaning of 745 ILCS 10/2-201,

thus immunizing the Defendants, Officer Douglas Savarino and Officer Allen Soucie, and the City of Braidwood is entitled to that same immunity derivatively under §2-109 of the Act.

### THIRD AFFIRMATIVE DEFENSE
### (Counts IV, V, and VI)

The actions of the Plaintiff by acting in a disorderly manner and interfering with the duties of the above-named police officers, were acts which the Plaintiff knew could have resulted in arrest or injury and he acted in conscious disregard for the likelihood that arrest or injury would result. These acts amounted to willful and wanton conduct and amounted to contributory fault which is more than 50% of the total fault contributing to his injuries and judgment should entered in favor of these Defendants and against the Plaintiff. Alternatively, any judgment entered in favor of the Plaintiff should be reduced by the amount of percentage of the contributory fault of the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### (Counts I, II, and III)

The individual Defendants are entitled to qualified immunity under the totality of the circumstances, no reasonably competent officer would have concluded that the arrest of the Plaintiff or the amount of force used contemporaneously thereto would have violated the Plaintiff's constitutional rights or that the individual Defendants otherwise acted unconstitutionally in connection with the arrest of the Plaintiff.

WHEREFORE, the Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALLEN SOUCIE, pray that judgment be entered in their favor and against the Plaintiff in accordance with the foregoing Affirmative Defenses.

    Respectfully submitted by,

    s/Krista E. Oswald_____
    KRISTA E. OSWALD, Attorney Bar #6287032

Attorneys for Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALLEN SOUCIE

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
5600 North River Road, Suite 600
Rosemont, IL 60018-5114
Telephone: (847) 261-0700
Facsimile: (847) 261-0714
EMAIL: KOswald@khkklaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on November 13, 2008, the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, AND JURY DEMAND was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **Aaron Benjamin Goldstein**
  agoldstein3@hotmail.com

        s/Krista E. Oswald_____
        KRISTA E. OSWALD, Attorney Bar #6287032
        One of the Attorneys for Defendants

5901 Answer-Aff Defenses 08-11-03