91/08-5901.DV:tmm

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:08 C 5203 |
| | ) |
| CITY OF BRAIDWOOD; OFFICER DOUGLAS SAVARINO, Star #118, a Braidwood Police Officer; OFFICER ALLEN SOUCIE, Star #120, a Braidwood Police Officer; and UNKNOWN BRAIDWOOD POLICE OFFICERS, | ) Judge Blanche M. Manning ) ) Magistrate Judge Arlander Keys ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTIONS IN LIMINE**

NOW COME the Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALAN SOUCIE, by and through one of their attorneys Krista E. Oswald, and for their Memorandum of Law in support of their Motions in Limine, state as follows:

**I. EVIDENCE RELATED TO PRIOR ALLEGED "BAD ACTS" OF DEFENDANTS SHOULD BE PROHIBITTED. (Defendants' Motion in Limine Number Four)**

Throughout the course of discovery in this litigation, it was revealed that Officers Savarino and/or Soucie were subject to prior lawsuits, disciplinary actions, internal complaints and citizen complaints. Defendants seek to prohibit any reference to and the admission of evidence regarding these prior "bad acts". The prior acts that the Defendants seek to bar from evidence include, but are not limited to the following:

1

### A. Evidence relating to prior lawsuits filed against Officers Savarino and/or Soucie:

Officer Savarino was named as a defendant in *Quigley v. City of Braidwood, et al.,* filed in the Circuit Court for the Twelfth Judicial Circuit, Will County, Illinois, No. 03 L 696. In *Quigley*, summary judgment was granted in favor of the defendants.

Officer Savarino was also named as a defendant in *Gallaway v. Savarino, et al.*, filed in the United States District Court for the Northern District of Illinois on 08/06/2004 under docket No. 04 C 05219. In *Gallaway*, it was alleged that Officer Savarino used excessive force and falsely arrested the plaintiff. That matter was dismissed by stipulation of the parties on March 22, 2005 pursuant to settlement.

Officer Savarino was named as a defendant in *Kluge v. City of Braidwood, et al.,* filed in the Circuit Court for the Thirteenth Judicial Circuit in Grundy County, Illinois and relating to Officer Savarino's K9 unit biting the plaintiff. That matter is pending.

Officer Soucie was named as a defendant in *Groom v. Coronelli, et al.,* filed in the United States District Court for the Northern District of Illinois on January 26, 2005, docket No. 05 C 0447. In *Groom*, it was alleged that Officer Soucie used excessive force and falsely arrested the plaintiff. That matter was dismissed by stipulation of the parties pursuant to settlement on April 20, 2006.

### B. Evidence of past disciplinary actions against Officers Savarino and/or Soucie:

On December 15, 2008 Officer Savarino was given a verbal warning for failing to return to work after a court appearance. A memorandum was generated regarding this incident.

### C. Evidence of complaints lodged against Officers Savarino and/or Soucie:

A letter was sent on October 27, 2006 from Phillip Kambic, president and CEO of Riverside Medical Center and addressed to former Braidwood police Chief Rob Andreina. The letter addressed Kambic's concern over a subject that was brought to Riverside by Braidwood police and tased by Officer Savarino.

On April 25, 2008 a citizen lodged a complaint with the Braidwood police department regarding the arrest of Joel Corbin alleging that members of the department, including Officer Savarino, used excessive force in Corbin's arrest. The complaint was investigated and found to be unsustained.

It is anticipated that the Plaintiff may intend to offer these and/or other alleged prior "bad acts" as evidence at trial. Presumably, the Plaintiff will offer these other instances of alleged "bad acts" to show that Defendants used excessive force in connection with the arrest of Plaintiff

and also to show that Defendants are lying about their use of force in connection with the incident which is the subject of this lawsuit. The admissibility of these prior acts is governed by Federal Rule of Evidence 404(b). Rule 404(b) specifically provides that evidence of other wrongs or acts is not admissible to prove character in order to show that Defendants acted in conformity therewith. In short, simply because Defendants may have used excessive force in the past is not admissible to show that they used excessive force in connection with the incident which is the subject of this lawsuit. *Munley v. Carlson*, 125 F.Supp.2d 1117, 1119 (N.D. Ill. 2000) (Judge Bucklo).

Rule 404(b) specifies exceptions when that evidence is offered to show "motive, opportunity, intent, identity, plan and the like." To be admissible to show one of these matters, the following conditions must be met: "1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; 2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; 3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and 4) the probative value of the evidence is not outweighed by the danger of unfair prejudice." *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000). Prior acts may be deemed admissible where the jury could find 'by a preponderance' that the defendants committed the similar acts. *United States v. Burke*, 425 Fed.3d 400, 409-10 (7th Cir. 2005).

In *Munley* it was determined that other instances of police misconduct were inadmissible because they did not satisfy any of the exceptions set forth in Rule 404(b). Similarly, in this case, the above instances referred to do not satisfy the elements governing admissibility under Rule 404(b) set forth above, and are being offered for no other purpose than to show that the Defendants must have used excessive force in connection with the arrest of the Plaintiff. In order to become applicable, the exceptions under Rule 404(b) must be in disputed. For example,

In *Okai v. Verfuth*, 275 F.3d 606 (7th Cir 2001), plaintiff in an excessive force case sought to introduce into evidence previous suspensions of defendant officers to show identity as an exception to Rule 404(b). The court refused to allow such evidence under the "identity" exception as the identity of the officers was never in dispute. In the instant matter, none of the exceptions to Rule 404(b) are in dispute, and thus, cannot serve as an avenue to admit evidence of prior "bad acts".

Even if the exceptions to Rule 404(b) were in dispute, the prior bad acts would not be admissible as they do not meet the requirements of similarity and timeliness under *Treece*. Furthermore, the alleged bad acts are comprised of unsubstantiated complaints, pending lawsuits, and litigation that resolved by way of settlement or in favor of the Defendant officers, which are not sufficient to support a jury finding that the Defendant officers committed those similar acts.

Moreover, under Rule 403, any relevancy is far outweighed by the prejudice to these Defendants in having to defend themselves and explain their conduct in connection with these other instances and will also result in jury distraction from the main issue in this case – whether excessive force was used in connection with Plaintiff's arrest.

For the foregoing reasons, Defendants request that this Court rule, prior to trial, that the Plaintiff is prohibited from offering any evidence or inquiring into any alleged misconduct or other acts of Defendants other than the specific acts that are at issue in this case.

**II. PLAINTIFF SHOULD BE BARRED FROM ELICITING OR PRESENTING TESTIMONY AND ARGUMENT REGARDING THE TASER VOLTAGE ABSENT EXPERT TESTIMONY REGARDING THE RESULTING PHYSIOLOGICAL EFFECT. (Defendants' Motion in Limine Number Six).**

It is anticipated that Plaintiff will seek to introduce evidence regarding the voltage of the taser used in the course of his arrest. Plaintiff should be barred from presenting such evidence as he has not disclosed an expert to properly testify as to the resulting physiologic effect on the

4

human body. Information regarding the voltage of the taser, absent accompanying expert testimony, is open to interpretation by the jury and will lead to undue prejudice to the Defendants. Furthermore, lay-opinion testimony regarding the physiological effect of the taser is improper and should not be allowed. Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Evidence of the voltage of the taser, absent explanation of the physiologic effects by a qualified expert, will confuse the jury and will cause the jury to draw conclusions about the effect of the taser on the human body. The Plaintiff has not disclosed an expert to testify as to the physiologic effects of the taser and cannot offer such opinions via lay-witness testimony. Should the Plaintiff be permitted to offer or elicit evidence of the voltage created by the taser, prejudice to the Defendants is imminent. Thus, such evidence should be barred pursuant to F.R.E. 403.

Respectfully submitted by,

/s/
KRISTA E. STALF, Attorney Bar #6287032
One of the Attorneys for the Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALAN SOUCIE

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
5600 North River Road, Suite 600
Rosemont, Illinois 60018-5114
Telephone: (847) 261-0700
Facsimile: (847) 261-0714
E-Mail: KStalf@khkklaw.com

5

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein, hereby certifies that on August 5, 2010, the foregoing ***DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTIONS IN LIMINE*** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **Daniel P. Kiss at** dkiss@jackowiaklaw.com

- **William W. Kurnik at** bkurnik@khkklaw.com

- **Louis Joseph Meyer at** lmeyer@jackowiaklaw.com, meyerlouis@hotmail.com

- **Krista Eleanore Oswald at** Koswald@khkklaw.com, tmulligan@khkklaw.com

- **Mark Parts at** mparts@pslegal.net

/s/
KRISTA E. STALF, Attorney Bar #6287032
One of the Attorneys for the Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALAN SOUCIE

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
5600 North River Road, Suite 600
Rosemont, Illinois 60018-5114
Telephone: (847) 261-0700
Facsimile: (847) 261-0714
E-Mail: KStalf@khkklaw.com

5901 deft Memo of Law re MIL 10-08-03