IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 cv 5203 |
| | ) | |
| CITY OF BRAIDWOOD, DOUGLAS SAVARINO and ALLEN SOUCIE, | ) ) | Judge Manning |
| | ) | |
| Defendants. | ) | |

FINAL PRETRIAL ORDER

Plaintiff, James More, and Defendants, City of Braidwood, Douglas Savarino and Allen Soucie, hereby submit the following Pretrial Order in accord with the Procedures of this Court:

(1) Plaintiff has brought § 1983 Excessive Force, Failure to Intervene and False Arrest / Imprisonment claims against Defendants Savarino and Soucie. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 1343(a). Plaintiff has brought state law battery, assault and malicious prosecution against all Defendants. This Court has jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367, and §1441. This Court has personal jurisdiction over Defendants as they are all residents of Illinois and all actions complained of herein occurred in Illinois.

(2) Agreed Statement of the Case: This case arises from incidents that occurred on September 16, 2007 in Braidwood, Illinois involving Plaintiff James More and Defendant Braidwood Police Officers Doug Savarino and Allen Soucie. Plaintiff claims that Defendants falsely arrested him on charges of obstruction of a peace officer and aggravated battery and caused him to be falsely imprisoned on the aggravated battery charge, maliciously prosecuted him, used excessive force on him and committed a battery on him. Defendants claim that they

had probable cause for arresting Plaintiff, were justified in continuing the prosecutions and that the use of force was justified.

(3)     Agreed Statements of Contested Issues of Fact and Law

    (a)     Whether Defendants violated Plaintiff's rights under the United States Constitution and at State Law.

    (b)     Whether Plaintiff was damaged as a result of the alleged violations

(4)     <u>Relief sought:</u>  Plaintiff seeks compensatory damages for loss of liberty, physical injuries, pain and suffering, emotional distress, loss of property and medical expenses.  Plaintiff also seeks punitive damages against the individual defendants.

(5)     <u>Witnesses:</u>  The following individuals are potential witnesses at trial:

    <u>Plaintiff will call:</u>

        Plaintiff James More

        Defendant Allen Soucie

        Defendant Douglas Savarino

        City of Braidwood Police Sgt. Donn Kaminski, 141 West Main Street, Braidwood, IL  60408

    <u>Plaintiff may call:</u>

        City of Braidwood Acting Police Chief Brandon Meyers, 141 West Main Street, Braidwood, IL  60408

        Julie Rhodes, 105 South Front Street, Braidwood, IL  60408

        Danyell Ehrman, 346 Main Street, Braidwood, IL  60408

        Michelle Palaro and/or Jodene Bick, Investigators, Will County Public Defender's Office, 58 East Clinton, Suite 210, Joliet, IL  60432

    Zachary Pollack, 77 129th Infantry Drive, Joliet, IL 60435 or Kristine Honoites,

    Asst. Will County Public Defender, 58 East Clinton St., #210, Joliet, IL 60432

    Dr. Mark Crockett, 4203 Richwood Court, Naperville, IL 60564

    Billing Representative / Recordkeeper of Morris Hospital

    Braidwood Police Department Recordkeeper

    404b

    James Kluge, 14 Cambridge Drive, Gardner, IL

    Patrick Gallaway, 327 North Division St., Braidwood, Illinois

    Philip Kambic, Riverside Medical Center, 350 North Wall St., Kankakee, Illinois

    James Kelly Grooms, investigation as to address pending

<u>Defendant will call:</u>

    Allen Soucie, Defendant

    Douglas Savarino, Defendant

    Sergeant Donn Kaminski

    Julie Rhodes, 105 South Front Street, Braidwood, Illinois 60408

<u>Defendant may call:</u>

    Danyell Ehrman, 346 Main Street, Braidwood, Illinois 60408

    James More, Plaintiff

    All persons listed as "Plaintiff May Call" Witnesses

(5)   <u>Exhibits:</u>

    (A)   Plaintiff's Exhibits:

    Note: designation as an exhibit at this point is for identification; further

    delineation will be provided later as to which exhibits will be offered as

substantive evidence and which will be used for limited purposes such as impeachment and refreshed recollection

(1)   Booking photos of James More 9/16/07 - early set

(2)   Booking photos of James More 9/16/07 - later set

(3)   Braidwood PD Call Log 9/16/07, D00024-7

(4)   Braidwood PD Dispatch Transaction log #0061734  D00006

(5)   Braidwood PD Dispatch Transaction log #0061759  D00013

(6)   11/30/07 Braidwood PD Letter re 9/16/07 arrestees  P000004

(7)   Shell station surveillance video and audio

(8)   Braidwood PD offense/incident case report 07-3871  D00001-2

(9)   Braidwood PD arrest report 07-3871  D00004

(10)  Braidwood Booking Case Report 07-3871  D00003

(11)  Braidwood PD offense/incident case report 07-3885 D00007-8

(12)  Braidwood PD arrest report 07-3885 D00011

(13)  Braidwood Booking Case Report 07-3885  D00009

(14)  Braidwood PD supplementary report 07-3885 D00010

(15)  Braidwood PD supplementary report 07-3885 D00012

(16)  ASA Notification of Report – DVD from Braidwood PD  P000024

(17)  Disorderly Conduct Complaint

(18)  Aggravated Battery Complaint

(19)  Obstructing a Peace Officer Complaint

(20)  Judgment Order / Disposition on Aggravated Battery Case

(21)  Disposition of Obstructing a Peace Officer Case

4

(22) 11/6/07 Kaminski letter re VHS tape P000003

(23) 12/15/08 Kaminski memo re Savarino D01160-2

(24) Braidwood PD offense/incident case report 07-3885 D00007-8

(25) 10/27/06 Kambic letter re Joly incident D01061

(26) Savarino sketch of Braidwood PD booking area (dep ex 1)

(27) Soucie sketch of Braidwood PD booking area (dep ex 2)

(28) Will County PD memo re investigator conversation

   with Danyell Ehrman

(29) Braidwood PD General Order 2-4 re Arrests D00032-41

(30) Braidwood PD General Order 2-6 re Force D00052-62

(31) Morris Hospital medical records

(32) Morris Hospital medical bills [or stipulation]

| | |
|---|---|
| Grundy Radiologists | $665.00 |
| Epic Group (E.R. Physician) | $412.00 |
| Morris Hospital | <u>$5179.55</u> |
| Total: | $6256.55 |

Contingent on rulings in motions and production of taser download reports,

Plaintiff reserves the right to identify as Exhibits the following:

( ) Taser download reports

( ) Braidwood PD Reports re 7/16/01 arrest of Plaintiff D01504-8

( ) Braidwood PD Reports re 2/18/03 arrest of Plaintiff D01510-13

( ) Braidwood PD audio recording of 2/18/03 911 call and Dispatch call

(B) Defendants' Objections to Plaintiff's Exhibits

The following exhibits were designated by Plaintiff and marked for identification.

5

Defendants objects to their receipt in evidence on the grounds stated below:

(4) Braidwood PD Dispatch Transaction Log #0061734 – OBJECTION: Duplicative of Plaintiff's Exhibit 3

(5) Braidwood PD Dispatch Transaction Log #0061759 – OBJECTION: Duplicative of Plaintiff's Exhibit 3

(6) 11/30/07 Braidwood PD letter – OBJECTION: Irrelevant and hearsay

(16) ASA Notification of Report-DVD from Braidwood PD – OBJECTION: Irrelevant and hearsay

(20) Judgment Order/Disposition on Aggravated Battery Case – OBJECTION: Irrelevant and prejudice under Rule 403 outweighs any relevancy. *Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir. 2003); *Heath v. Cast*, 813 F.2d 254, 260 (9th Cir. 1987); *Fitzpatrick v. City of Fort Wayne*, 259 F.R.D. 357, 365-66 (N.D. Ind. 2009). The Defendants suggest that the jury simply be told that they have not heard any evidence regarding the disposition because that is not an issue in the case.

(21) Disposition of Obstructing a Peace Officer Case – OBJECTION: See objection to Plaintiff's Exhibit 20, above.

(22) 11/6/07 Kaminski letter re VHS tape – OBJECTION: This letter regarding the absence of a VHS tape recording of the events in the booking room are apparently being offered under a spoliation theory. The Committee Comments to Seventh Circuit Pattern Instruction 1.20 (spoliation) notes that bad faith must be shown. The tape was cycled as part of the City's "document destruction" plan – it was recycled because of the limited number of tapes. Moreover, there is no evidence that the individual Defendants destroyed or failed to preserve the tape, and the actions of the City cannot be imputed to the individual Defendants. Finally, as bearing on the lack of bad faith, none of the events which are critically at issue in this case, the struggle, altercation and use of the Taser did not occur in the booking area, but rather in the garage area and thus occurred off the camera. Therefore, there is no showing that any of the individual Defendants reasonably believed that the evidence was relevant.

(23) 12/15/08 Kaminski memo re Savarino – OBJECTION: This documentation evidences a written warning given by Kaminski to Savarino a year after the incident and essentially relates to Savarino's failure to return from court timely, his attitude and frustration over an investigation. As such, it is irrelevant and should be barred under the factors to be considered under Rule 403.

(24) Braidwood PD offense/incident Case Report 07-3885 – OBJECTION: Duplicative of Plaintiff's Exhibit 11

6

(25) 10/27/06 Kambic letter re Joly incident – OBJECTION: This letter deals with a complaint made by a hospital administrator to the former chief of police of Braidwood on October 27, 2006, almost one year before this incident, regarding the alleged improper use of a Taser by Defendant Savarino, when a patient was alleged to have been restrained at the time that the Taser was deployed. This issue is objected to for the reasons set forth in the Defendants' Motions in Limine regarding instances under Rule 404(b). Moreover, it is the position of the Plaintiff that it was Defendant Soucie and not Savarino that tased the Plaintiff and thus Savarino's alleged use of a Taser is irrelevant and should be barred under Rule 403 balancing principles.

(28) Will County PD memo re investigator conversation with Danyell Ehrman – OBJECTION: Hearsay

(29) Braidwood Police Department General Order 2-4 re Arrests – OBJECTION: This General Order deals with the Department policy regarding making warrantless arrests, arrests with a warrant and identifies those situations in which an officer may make an arrest without a warrant. The Seventh Circuit has expressly held that failure to comply with department general orders is not relevant to a civil rights claim and is properly excluded from evidence. *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006). Furthermore, much of the General Order deals with matters that are not at issue in this case, for example, arrests on warrants and circumstances on which an on view arrest can be made. Moreover, the jury is instructed on the definitions of probable cause and the use of the policy will lead to jury confusion and prejudice which far outweighs any relevancy under Rule 403.

(30) Braidwood PD General Order 2-6 re: Force – OBJECTION: The Defendants object to the use of the Department's policy governing force only to the extent that it addresses other matters not involved in this case and may lead to jury confusion, for example, the use of deadly force, chock holds, use of batons, etc.

(31) Morris Hospital medical records – OBJECTION: The Defendants object to the medical records solely to the extent that they deal with matters that require interpretation and explanation by medical personnel. The Defendants do not object to the extent that the medical records contain information understandable by the lay person.

(32) Morris Hospital medical bills – OBJECTION: These medical bills have not been paid by the Plaintiff and there must be expert testimony that the bills are reasonable, and no expert witnesses have been disclosed or listed.

(C) Defendants' Exhibits

(1) Evaluation of Guidelines for Use of Force Training, compiled by the Advisory Committee to the Illinois Law Enforcement Training and

        Standards Board, Use of Force Guidelines, available at
www.ptb.state.il.us/pdf/uof.pdf

  (2)    Illinois Law Enforcement Training and Standards Board, Policy Development Guidelines for Deployment of Electro-Muscular Disruption Devices, available at
www.ptb.state.il.us/pdf/EMD%20Policy%20Guidelines.pdf

  (3)    Bail bond receipt, 9/17/07 (D00005)

  (4)    Arrest Report #01-1897 (3 pages)

  (5)    Booking Report #03-545 (2 pages)

  (6)    Motion to Continue Trial filed on behalf More (PL00043)

  (7)    Morris Hospital ER Record (PL00072-PL00074)

  (8)    Disorderly Conduct Complaint – 07-OV-7727

  (9)    Court Docket – 07-OV-7727: Disposition of Disorderly Conduct

All exhibits of the Plaintiff which are not objected to in the event that the exhibits are withdrawn by the Plaintiff.

(D)    Plaintiff's Objections to Defendants' Exhibits

  (1)    Illinois Evaluation of Guidelines for Use of Force

        Objection: never produced in discovery, foundation, relevance. Due to non-production, Plaintiff's counsel did not have the opportunity to explore issues concerning the standards set forth in policies contained in this document, familiarity of the officers with those standards, application of those standards.

  (2)    Illinois Law Enforcement EMD Standards Board

        Objection: never produced in discovery, foundation, relevance. Due to non-production, Plaintiff's counsel did not have the opportunity to explore issues concerning the standards set forth in policies contained in this document, familiarity of the officers with those standards, application of those standards.

  (4)    Arrest Report #01-1897

        Objection: *see* Motion in Limine (MIL) #7

  (5)    Booking Report #03-545

8

        Objection: never produced in discovery, irrelevant, *see* MIL #7

(6)     Motion to Continue Trial by Criminal Defense Attorney

        Objection: foundation, relevance. The motion does not set forth the grounds other than that investigation is incomplete, a criminal defendant should not be penalized in civil court for his lawyer's diligence in preparing the case for trial, and there is no basis for insinuation that Plaintiff's duration of incarceration was somehow extended as a result of his own fault.

(7)     Morris Hospital ER Record

        Objection: no objection for identification, but objection to substance being admitted into evidence based on foundation, hearsay

(9)     Court Docket – 07 – OV – 7727 Re Disposition of Disorderly Conduct

        Objection: relevance, no claim is made in this case for false arrest or malicious prosecution on the disorderly conduct ordinance violation, *see* MIL #2

(6)    <u>Type and length of trial:</u> This is a jury trial that should take no more than approximately one week

(7)    <u>Settlement history:</u>

$17,500 offer.

$29,000 demand, subsequently withdrawn.

(8)    <u>Proposed findings and conclusions:</u> Does not apply, as this is a jury trial

(9)    <u>Proposed voir dire:</u> <u>See</u> Plaintiff's Proposed Voir Dire Questions (Ex. A), Defendants' Proposed Voir Dire Questions (with Plaintiff's Objections Noted) (Ex. B).

(10)   <u>Proposed jury instructions:</u>

Agreed Instructions: Seventh Circuit Pattern Jury Instructions: 1.01, 1.02, 1.03, 1.04, 1.06, 1.07, 1.08, 1.09, 1.11, 1.12, 1.13, 1.14, 1.16, 1.17, 1.20, 1.27, 1.32,

    1.33, 1.34, 2.14, 7.02, 7.05, 7.06, 7.08, 7.09 w/factors, 7.16, 7.22, 7.23, 7.24

  The Parties have no objection to the Seventh Circuit pattern jury instructions; however, the parties have submitted different modified versions of the jury instructions, and the parties further note that depending on the claims submitted and the outcome of various motions and objections, not all of the proposed pattern instructions should be submitted.

  Also attached are: Plaintiff's Proposed Jury Instructions (Ex. C), Defendants' Objections to Plaintiff's Proposed Jury Instructions (Ex. D), Defendants' Additional Proposed Jury Instructions (Ex. E), and Plaintiff's Objections to Plaintiff's Proposed Jury Instructions (Ex. F).

              /s Mark Parts
              Attorney for Plaintiff

Mark Parts
Parts & Spencer, Ltd.
33 North LaSalle Street
Suite 1925
Chicago, IL 60602
Atty. No. 6203617

              /s William W. Kurnik
              Attorney for Defendants

William W. Kurnik
Krista E. Stalf
Knight, Hoppe, Kurnik & Knight
5600 North River Rd.
Suite 600
Rosemont, IL 60018
Atty. No.