IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 cv 5203 |
| | ) | |
| CITY OF BRAIDWOOD, DOUGLAS | ) | Judge Manning |
| SAVARINO and ALLEN SOUCIE, | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Mark Parts
Parts & Spencer, Ltd.
33 North LaSalle Street
Suite 1925
Chicago, IL  60602
Atty. No.  6203617

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Proposed Jury Instruction No. 1

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.01*

**NO INFERENCE FROM JUDGE'S QUESTIONS**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Plaintiff's Proposed Jury Instruction No. 2

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.02*

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case Defendants are police officers and Plaintiff is a private citizen. All parties are equal before the law.

Plaintiff's Proposed Jury Instruction No. 3

_____  Given
_____  Rejected
_____  Withdrawn
_____  Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.03*

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true

If I have taken judicial notice of certain facts. You must accept those facts as proved.

Plaintiff's Proposed Jury Instruction No. 4

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.04*

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. I f the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Proposed Jury Instruction No. 5

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.06*

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Plaintiff's Proposed Jury Instruction No. 6

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.07*

**CONSIDERATION   OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Proposed Jury Instruction No. 7

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.08*

## LIMITED PURPOSE OF EVIDENCE

If I have instructed you that I admitted certain evidence for a limited purpose then you must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Proposed Jury Instruction No. 8

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.09 (modified)*

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Proposed Jury Instruction No. 9

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.11*

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiff's Proposed Jury Instruction No. 10

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.12*

## TESTIMONY OF WITNESSES
### (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Proposed Jury Instruction No. 11

_____  Given
_____  Rejected
_____  Withdrawn
_____  Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.13*

**PRIOR INCONSISTENT STATEMENTS**

You may consider statements given by a party or witness who testified under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Proposed Jury Instruction No. 12

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.14*

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's Proposed Jury Instruction No. 13

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.16*

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Proposed Jury Instruction No. 14

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.17*

## SPOLIATION/DESTRUCTION OF EVIDENCE

Plaintiff contends that the City of Braidwood at one time possessed VHS tape of his interaction with Defendants taken at the Braidwood Police Department that has not been preserved due to bad faith of one or more of the Defendants.  However, Defendants contend that the loss of the evidence was accidental.

You may assume that such evidence would have been unfavorable to a Defendant only if you find by a preponderance of the evidence that:

(1) A Defendant intentionally caused the evidence to be destroyed; and

(2) A Defendant caused the evidence to be destroyed in bad faith.

Plaintiff's Proposed Jury Instruction No. 15

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.20*

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Proposed Jury Instruction No. 16

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.27*

**SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdicts, your presiding juror will fill in and date the appropriate forms, and all of you will sign them.

Plaintiff's Proposed Jury Instruction No. 17

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.32*

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Plaintiff's Proposed Jury Instruction No. 18

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.33*

### DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Plaintiff's Proposed Jury Instruction No. 19

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.34*

**JUDGE'S  COMMENTS   TO   LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. Y ou are not to draw any inference against the side whom I may caution or warn during the trial.

Plaintiff's Proposed Jury Instruction No. 20

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 2.14*

**ISSUES**

Plaintiff brings the following claims in this case:

First, Plaintiff, James More alleges that Defendant Officers Doug Savarino and Allen Soucie used excessive force against him in violation of the United States Constitution.

Second, Plaintiff, James More alleges that Defendant Officers Doug Savarino and Allen Soucie failed to intervene and stop the use of excessive force in violation of the United States Constitution.

Third, Plaintiff James More alleges that Defendant Officers Doug Savarino and Allen Soucie falsely caused him to be arrested and imprisoned in violation of the United States Constititution.

Fourth, Plaintiff James More alleges that Defendant Officers Doug Savarino and Allen Soucie caused him to be maliciously prosecuted in violation of Illinois state law for crimes he did not commit.

Fifth, Plaintiff James More alleges that Defendant Officers Doug Savarino and Allen Soucie committed a battery upon him in violation of Illinois state law.

Plaintiff's Proposed Jury Instruction No. 21

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

**FOURTH AMENDMENT: FALSE ARREST / IMPRISONMENT - ELEMENTS**

In this case, Plaintiff claims that Defendant falsely arrested him and caused him to be imprisoned. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that a Defendant or Defendants arrested him on a charge without probable cause and caused him to be restrained.

If you find that Plaintiff has proved this as to a Defendant, then you should find for the Plaintiff and against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this as to a Defendant by a preponderance of the evidence, then you should find for that Defendant, and you will not consider the question of damages as to that Defendant.

Plaintiff's Proposed Jury Instruction No. 22

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.05 (modified)*

## DEFINITION OF "PROBABLE CAUSE"

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a prudent person would have believed that each Plaintiff had committed or were committing a crime. In making this decision, you should consider what the Defendants knew and what reasonably trustworthy information the Defendants had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the officer's belief is more likely true than false.

Plaintiff's Proposed Jury Instruction No. 23

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.06 (modified); Woods v. Chicago, 234 F.3d 979, 996 (7th Cir. 2000).*

### OBSTRUCTING A PEACE OFFICER CHARGE - DEFINITION

Defendant(s) had probable cause to arrest the Plaintiff for obstructing a peace officer *only* if, at the moment the arrest was made, a prudent person would have believed the following: that Plaintiff knowingly resisted or obstructed a peace officer in the performance of his official duties.

Plaintiff's Proposed Jury Instruction No. 24

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source:  Braidwood City Ordinances Sec 58-32*

## AGGRAVATED BATTERY CHARGE - DEFINITION

Defendant(s) had probable cause to arrest the Plaintiff for aggravated battery *only* if, at the moment the arrest was made, a prudent person would have believed the following: that Plaintiff knowingly and without legal justification made physical contact of an insulting and provoking nature with a peace officer, knowing him to be a peace officer engaged in the performance of his official duties.

Plaintiff's Proposed Jury Instruction No. 25

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source:  720 ILCS 5/12-4(b)(18)*

## VERBAL RESISTANCE IS NOT ILLEGAL/
## AN ARRESTEE'S RIGHT OF SELF-DEFENSE

The law does not prohibit any person from doing the following: verbally resisting, questioning, or arguing with a police officer about the validity of an arrest or other police action.

Verbal resistance or argument against a police officer is not a violation of the law, even if the argument includes the use of profanity or abusive language against the officer. Rather, the law prohibits a person from committing a *physical* act of resistance against a police officer, such as forcefully resisting arrest with one's body. However, an exception to this rule is made when the officer uses excessive force against someone being arrested. Use of excessive force by a police officer invokes the arrestee's right of self-defense.

Plaintiffs' Proposed Jury Instruction No. 26

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source:* 720 ILCS 5/31-1(a); *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009); *People v. Raby*, 40 Ill.2d 392, 399, 240 N.E. 2d 595, 599 (1968); *People v. McCoy*, 378 Ill. App. 3d 954, 962, 881 N.E. 2d 621, 630 (3d Dist. 2008); *People v. Wicks*, 355 Ill. App. 3d 760, 764- 65, 823 N.E. 2d 1153, 1156 (3d Dist. 2005).

## FOURTH AMENDMENT/FOURTEENTH AMENDMENT: EXCESSIVE FORCE AGAINST ARRESTEE OR PRETRIAL DETAINEE - ELEMENTS

In this case, Plaintiff claims that Defendants used excessive force against him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant used unreasonable force against Plaintiff;

2. Because of Defendant's unreasonable force, Plaintiff was harmed;

3. Defendant acted under color of law.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 27

_____  Given
_____  Rejected
_____  Withdrawn
_____  Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.08*

## FOURTH AMENDMENT/FOURTEENTH AMENDMENT: EXCESSIVE FORCE
## - DEFINITION OF "UNREASONABLE"

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad. In performing his job, an officer can use force that is reasonably necessary under the circumstances.

Plaintiff's Proposed Jury Instruction No. 28

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.09*

## FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS: CLAIM FOR
## FAILURE OF "BYSTANDER" OFFICER TO INTERVENE – ELEMENTS

To succeed on his failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. An Officer used excessive force on Plaintiff;

2. A Defendant knew that the Officer was/was about to use excessive force on Plaintiff;

3. Defendant had a realistic opportunity to do something to prevent harm from occurring;

4. Defendant failed to take reasonable steps to prevent harm from occurring;

5. Defendant's failure to act caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 29

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.16*

## MALICIOUS PROSECUTION - ELEMENTS

Plaintiff claims that Defendants maliciously prosecuted him by charging him with aggravated battery.

To establish a claim for malicious prosecution, Plaintiffs must prove each of the following by a preponderance of the evidence:

(1)     That one or more of the Defendants did one or more of the following: commenced a criminal proceeding against Plaintiff; caused a criminal proceeding to be commenced against Plaintiff; or continued a criminal proceeding against Plaintiff;

(2)     The criminal proceeding terminated in Plaintiffs' favor;

(3)     There was no probable cause to charge Plaintiff for the crime;

(4)     The presence of malice on the part of the Defendant(s); and

(5)     Damages resulting to Plaintiffs.

If you find that Plaintiff has proved these things by a preponderance of the evidence as to any of the Defendants, then you should find for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has not proved these things, as to any of the Defendants by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages on this count.

Plaintiff's Proposed Jury Instruction No. 30

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: Ross v. Mauro Chevrolet*, 369 Ill. App. 3d 794, 801, 861 N.E.2d 313, 319, 308 Ill. Dec. 248, 254 (1st Dist. 2006); *Akbar v. City of Chicago*, 2008 WL 5272463, at *3 (N.D. Ill. Dec. 12, 2008); *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682-83 (7th Cir. 2007).

## MALICIOUS PROSECUTION – DEFINITION OF "COMMENCING A CRIMINAL PROCEEDING"

In Illinois, criminal proceedings may be commenced by the filing of a criminal complaint, an indictment, or an information. Liability for malicious criminal prosecution exists not only where an officer signs a criminal complaint against the plaintiff, but also extends to all people who played a significant role in causing the prosecution of the plaintiff.

Plaintiff's Proposed Jury Instruction No. 31

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: Petrovic v. City of Chicago*, N.D. Illinois, No. 06 cv 6111; *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001); *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 348-49, 733 N.E.2d 835, 842 (1st Dist. 2000).

## MALICIOUS PROSECUTION DEFINITION OF "MALICE"

Malice is the intent, without justification or excuse, to commit a wrongful act. In order to find malice, you must find that the criminal proceeding against Plaintiff was commenced or continued by one or all of the defendants for the purpose of injuring Plaintiff, or for some other purpose other than to prove Plaintiff committed a criminal offense. Malice does not necessarily mean personal ill-will, spite or hatred toward the Plaintiff.

A police officer commences or continues a criminal proceeding with malice if the officer commences or continues the criminal proceeding with an improper motive, or a reason other than to bring the person against whom the criminal proceeding is commenced to justice.

Malice may be inferred from the absence of probable cause if the circumstances that surrounded the start of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been clearly proved.

Plaintiff's Proposed Jury Instruction No. 32

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Rodgers v. Peoples Gas, Light & Coke Co.*, 733 N.E.2d 835 (1st Dist. 2000); *Turner v. City of Chicago*, 415 N.E.2d 481, 487 (1st Dist. 1980); *Mack v. First Sec. Bank of Chicago*, 511 N.E.2d 714, 717 (1st Dist. 1987); *Glenn v. Lawrence*, 280 Ill. 581, 586 (1917); *Frye v. O'Neill*, 520 N.E.2d 1233, 1242 (4th Dist. 1988).

## BATTERY - ELEMENTS

Plaintiff brings a claim of battery.  To succeed on his claim of battery, Plaintiff must prove each of the following things against a Defendant by a preponderance of the evidence.

      (1)    the defendant intended to touch the plaintiff's body

      (2)    the defendant actually touched the plaintiff's body,

      (3)    the touching was harmful or offensive,

      (4)    the use of force was unjustified.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against any Defendant, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will have not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 33

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Williams v. Liberty*, 461 F.2d 325 (7th Cir. 1972); *Bernesak v. Catholic Bishop*, 87 Ill.App.3d 681 (1st Dist. 1980).

**MALICIOUS PROSECUTION and BATTERY – RESPONDEAT SUPERIOR**

Defendant City of Braidwood is sued as the principal and Defendants Savarino and Soucie are sued as the agents on Plaintiff's state law claims of malicious prosecution and battery. If you find that any of the Defendant Officers are liable for the malicious prosecution or battery of the Plaintiff, then the City of Braidwood as well as the Defendant Officer(s) are liable. If you find that the individual Defendant Officers are not liable, then the City of Braidwood is not liable.

Plaintiff's Proposed Jury Instruction No. 34

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source*: IPI 50.03 (modified)

### DAMAGES:  PREFATORY INSTRUCTION

If you find that Plaintiff has proved any of his claims against any of the Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 35

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.22*

**DAMAGES: COMPENSATORY**

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and/or is reasonably certain to sustain in the future as a direct result of any excessive force, failure to intervene, false arrest, malicious prosecution or battery.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that damages are restricted to the actual loss of money; damages include both the physical and mental aspects of injury, even if they are not easy to measure.

No evidence of the dollar value of physical or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injuries sustained.

Plaintiff's Proposed Jury Instruction No. 36

_____  Given
_____  Rejected
_____  Withdrawn
_____  Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.23*

## DAMAGES: PUNITIVE

If you find for Plaintiff, you may assess punitive damages against one or more of the Defendant Officers. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

A Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendants. You may assess punitive damages only if you find that a Defendant's conduct was malicious or in reckless disregard of one or more Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiffs. Conduct is in reckless disregard of Plaintiffs' rights if, under the circumstances, it reflects complete indifference to Plaintiffs' safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant(s)' conduct;

- the impact of Defendant(s)' conduct on Plaintiff;

- the relationship between Plaintiff and Defendant(s);

- the likelihood that Defendant(s) would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Plaintiff's Proposed Jury Instruction No. 37
_____  Given
_____  Rejected
_____  Withdrawn
_____  Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.24 (modified)*

## LIMITING INSTRUCTION ON FINANCIAL ASSETS

You have heard evidence of the Defendants' finances in this case. Defendants will be indemnified for any award of compensatory damages. You should not consider the Defendants' financial condition in assessing compensatory damages.

Plaintiff's Proposed Jury Instruction No. 38

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**VERDICT FORM**
**VERDICT OF THE JURY**

We, the Jury, find as follows (for each claim check whether your verdict is for either the Plaintiff or for the corresponding Defendant):

1.    On Plaintiff's Constitutional claim of <u>Excessive Force</u> we find:

        \_\_\_\_ for Plaintiff James More        \_\_\_\_ for Defendant Doug Savarino

        \_\_\_\_ for Plaintiff James More        \_\_\_\_ for Defendant Allen Soucie

2.    On Plaintiff's Constitutional claim of <u>Failure to Intervene</u> we find:

        \_\_\_\_ for Plaintiff James More        \_\_\_\_ for Defendant Doug Savarino

        \_\_\_\_ for Plaintiff James More        \_\_\_\_ for Defendant Allen Soucie

3.    On Plaintiff's Constitutional claim of <u>False Arrest / Imprisonment</u> we find:

        \_\_\_\_ for Plaintiff James More        \_\_\_\_ for Defendant Doug Savarino

        \_\_\_\_ for Plaintiff James More        \_\_\_\_ for Defendant Allen Soucie

4.    On Plaintiff's State law claim of <u>Malicious Prosecution</u> we find:

        \_\_\_\_ for Plaintiff James More        \_\_\_\_ for Defendant Doug Savarino

        \_\_\_\_ for Plaintiff James More        \_\_\_\_ for Defendant Allen Soucie

5.    On Plaintiff's State law claim of <u>Battery</u> we find:

        \_\_\_\_ for Plaintiff James More        \_\_\_\_ for Defendant Doug Savarino

        \_\_\_\_ for Plaintiff James More        \_\_\_\_ for Defendant Allen Soucie

**Compensatory Damages**

Complete the following if you have found in favor of that Plaintiff on one or more of the above claims:

We, the Jury, award Plaintiff James More the following compensatory damages:

      Excessive Force             $_____

Failure to Intervene     $_____

False Arrest     $_____

Malicious Prosecution     $_____

Battery     $_____

**Punitive Damages**

We, the Jury, award Plaintiff James More the following punitive damages:

as to Defendant Savarino     $_____

as to Defendant Soucie     $_____

Please sign and date below and return the entire Verdict Form to the marshal (Each juror must sign the form).

Date: _____

_____
Foreperson

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

Plaintiff's Proposed Verdict Form
_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to