90/08-5901.DV / kjs

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 08 C 5203 |
| ) | |
| CITY OF BRAIDWOOD; OFFICER ) | Judge Blanche M. Manning |
| DOUGLAS SAVARINO, Star #118, a ) | |
| Braidwood Police Officer; OFFICER ALLEN ) | Magistrate Judge Arlander Keys |
| SOUCIE, Star #120, a Braidwood Police ) | |
| Officer; and UNKNOWN BRAIDWOOD ) | |
| POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorneys for Defendants CITY OF BRAIDWOOD,
OFFICER DOUGLAS SAVARINO and
OFFICER ALLEN SOUCIE
5600 North River Road, Suite 600
Rosemont, Illinois 60018-5114
Telephone:    (847) 261-0700
Facsimile:    (847) 261-0714

**ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case, the Plaintiff is a private citizen, the individual Defendants are police officers, and the City of Braidwood is a municipal corporation. All parties are equal before the law and all are entitled to the same fair consideration.

Defendants' Proposed Jury Instruction No. 1

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**Authority:**   Seventh Circuit Pattern Jury Instruction 1.03 (modified)

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Defendants' Proposed Jury Instruction No. 2

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**Authority:**  Seventh Circuit Pattern Jury Instruction 1.18

## MULTIPLE CLAIMS, MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are two individual Defendants, it does not follow that if one is liable, the other is also liable.

Defendants' Proposed Jury Instruction No. 3

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Authority:** Seventh Circuit Pattern Jury Instruction 1.25

**NO NEED TO CONSIDER DAMAGES INSTRUCTION**

If you decide for a Defendant on the question of liability, then you should not consider the question of damages as to that Defendant.

Defendants' Proposed Jury Instruction No. 4

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Authority:** Seventh Circuit Pattern Jury Instruction 1.31 (modified – multiple Defendants)

**POLICE DEPARTMENT/MUNICIPALITY NOT A PARTY**

In the excessive force and false arrest claims, the Defendants are being sued as individuals. Neither the City of Braidwood Police Department nor the City of Braidwood are a party to those claims.

Defendants' Proposed Jury Instruction No. 5

_____  Given
_____  Rejected
_____  Withdrawn
_____  Objected to

**Authority:**   Seventh Circuit Pattern Jury Instruction 7.01 (modified)

## REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff must prove by a preponderance of the evidence that a Defendant was personally involved in the conduct that the Plaintiff complains about. You may not hold one Defendant liable for what another Defendant or others did or did not do.

Defendants' Proposed Jury Instruction No. 6

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Authority:** Seventh Circuit Pattern Jury Instruction 7.02 (modified)

## FOURTH AMENDMENT:

## FALSE ARREST – DEFINITION OF "PROBABLE CAUSE"

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a prudent person would have believed that Plaintiff had committed or was committing a crime. In making this decision, you should consider what Defendant knew and what reasonably trustworthy information Defendant had received.

It is not necessary that Defendant had probable cause to arrest Plaintiff for the stated offense in this case, so long as Defendant had probable cause to arrest him for some criminal offense. It is not necessary that Defendant had probable cause to arrest Plaintiff for all of the crimes he was charged with, so long as Defendant had probable cause to arrest him for one of those crimes.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendants' belief was probably right. The fact that Plaintiff was later acquitted of the stated offense in this case does not by itself mean that there was no probable cause at the time of his arrest.

Defendants' Proposed Jury Instruction No. 7

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Authority:** Seventh Circuit Pattern Jury Instruction 7.06

## FOURTH AMENDMENT/FOURTEENTH AMENDMENT:

## EXCESSIVE FORCE – DEFINITION OF "UNREASONABLE"

You must decide whether Defendants' use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendants faced. You must make this decision based on what the officers knew at the time of the arrest, not based on what you know now. In deciding whether Defendants' use of force was unreasonable, you must not consider whether Defendants' intentions were good or bad.

In performing their job, police officers can use force that is reasonably necessary under the circumstances.

Defendants' Proposed Jury Instruction No. 8

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Authority:**   Seventh Circuit Pattern Jury Instruction 7.09

A person who knowingly obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits the offense of obstructing a peace officer.

Defendants' Proposed Jury Instruction No. 9

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**Authority:** 720 ILCS 5/31-1; *People v. Synott*, 349 Ill. App. 3d 223, 811 N.E.2d 236 (2004)

An individual who knowingly and without legal justification makes physical contact of an insulting and provoking nature with a peace officer, knowing him to be a peace officer engaged in the performance of his official duties, commits the offense of aggravated battery.

Defendants' Proposed Jury Instruction No. 10

   _____ Given
   _____ Rejected
   _____ Withdrawn
   _____ Objected to

**Authority:** 720 ILCS 5/12-4(b)

An individual who knowingly and without legal justification engages in conduct in such an unreasonable manner so as to cause alarm to an individual by yelling profane language and provoking the breach of the peace commits the offense of disorderly conduct.

Defendants' Proposed Jury Instruction No. 11

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**Authority:** Braidwood Ordinance Chapter 58, §58-156

The Plaintiff was found guilty of the offense of disorderly conduct in that he knowingly and without legal justification engaged in conduct in such an unreasonable manner as to cause alarm to Julie Rhodes by yelling profane language provoking a breach of the peace. This finding is conclusive on the issue of whether probable cause existed to arrest the Plaintiff for committing the offense of disorderly conduct at the Shell Station.

Defendants' Proposed Jury Instruction No. 12

_____  Given
_____  Rejected
_____  Withdrawn
_____  Objected to

**Authority:**  *Brown v. City of Chicago*, 599 F.3d 772 (7th Cir. 2010); *American Family Mut. Ins. Co. v. Savickas*, 193 Ill.2d 378, 739 N.E.2d 445 (2000)

In connection with the claim of the Plaintiff that he was arrested on charges of aggravated battery without probable cause, should you find that one or more of the Defendants is liable, the Plaintiff's damages are limited by law to those damages he sustained while in custody up to and including September 17, 2007.

Defendants' Proposed Jury Instruction No. 13

   _____   Given
   _____   Rejected
   _____   Withdrawn
   _____   Objected to

**Authority:** *Gauger v. Hendle*, 349 F.3d 354, 363 (7th Cir. 2003); *overruled on other grounds* ("'if there is a false arrest claim, damages for that claim covered the time of detention up until issuance of process or arraignment, but not more.'")