Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5203 | **DATE** | September 7, 2010 |
| **CASE TITLE** | *More v. City of Braidwood, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the parties' motions in limine [65-1, 67-1] are granted in part and denied in part.

■[ For further details see text below.]

00:00

---

## STATEMENT

This case is set for trial on September 20, 2010. The plaintiff's complaint arises from a September 16, 2007, arrest at a gas station by Officers Savarino and Soucie of the Braidwood Police Department. The plaintiff alleges claims under § 1983 for excessive force, failure to intervene, and false imprisonment, and state law claims for battery, assault, and malicious prosecution. The parties have each filed several motions in limine.

Evidence should be excluded on a motion in limine "only when evidence is clearly inadmissible on all potential grounds . . . . [and] [u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial. . . ." *See Steck v. Bimba Mfg Co.*, 96 C 7442, 1997 WL 685003, at *1 (N.D. Ill. Oct. 30, 1997) (citation omitted). The denial of a motion in limine does not mean that the evidence is necessarily admissible, rather, it means only that the party moving in limine has not demonstrated that there is no possible basis for the admission of the evidence. *Holmes v. Sood*, No. 02 C 7266, 2006 WL 1988716, at *1 (N.D. Ill. July 12, 2006). *See also Alexander v. Mt. Sinai Hosp. Med. Center of Chicago*, No. 00 C 2907, 2005 WL 3710369 at *2 (N.D. Ill. Jan.14, 2005). Further, the denial of a motion in limine does not preclude a party from objecting to the admission of any evidence at trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("a ruling [on motion in limine is] subject to change based upon the court's exposure to the evidence at trial"). Keeping in mind these observations, the court addresses the parties' motions in limine in turn.

**A.      Plaintiff's Motions in Limine**

1.      To exclude any implication by defense counsel that the amount of verdicts increases taxes or the cost of living.

## STATEMENT

Granted as the defendants do not object.

2. <u>To exclude any reference to any conviction of the plaintiff or any of the plaintiff's witnesses.</u>

The plaintiff seeks to exclude any reference to any conviction of the plaintiff or the plaintiff's witnesses as irrelevant, inadmissible under Fed. R. Evid. 609, and as improper character evidence under Fed. R. Evid. 404. The defendants respond that they do not intend to reference any convictions except the plaintiff's guilty conviction, after a bench trial, on a disorderly conduct ordinance violation based on his September 16, 2007, arrest. According to the defendants, the plaintiff denies that he was acting in a disorderly manner when he was present at the gas station, which is contrary to the testimony of the gas station attendant Julie Rhodes. The defendants contend that they plan to use the conviction to impeach the plaintiff should he testify that he was not acting in a disorderly manner.

The defendants first argue that the principle of collateral estoppel prevents the plaintiff from denying that he was acting in a disorderly manner on September 16, 2007. "[E]vidence of a prior conviction is admissible in a civil proceeding as prima facie evidence of the facts upon which the conviction was based if those facts are relevant to some issue involved in the civil proceeding." *Hallett v. Richmond*, 05 C 50004, 2009 WL 5125628, at *4 (N.D. Ill. May 15, 2009)(*citing Calusinski v. Kruger*, 24 F.3d 931, 934 (7th Cir. 1994)(concluding that "the magistrate judge properly admitted evidence of Mr. Calusinski's conviction for resisting arrest as prima facie evidence that he forcefully resisted attempts by the officers to arrest him"). Because the plaintiff's behavior at the time of his arrest is relevant to the excessive force and false arrest claims, then the evidence of the disorderly conduct conviction is admissible.

The plaintiff's motion in limine number 2 is denied to the extent that the defendants may use the disorderly conduct conviction to impeach the plaintiff if he denies the conduct.

3. <u>To exclude any evidence as to how plaintiff's counsel was retained or is being compensated, and that his previous counsel withdrew.</u>

Granted as the defendants do not object.

4. <u>To exclude any statement that the plaintiff has asked for a greater amount of money than he actually expects to be awarded, that an award to the plaintiff would be like "winning the lottery" or that his request for damages is a "get rich quick" scheme.</u>

Granted as the defendants do not object.

5. <u>To exclude any non-party witnesses.</u>

Granted as the defendants do not object.

6. <u>To exclude any evidence that the defendants were not disciplined following the incident at issue.</u>

The defendants do not object provided that the plaintiff does not raise any allegations or make

**STATEMENT**

any inferences suggesting that the incident was not properly investigated by the Braidwood Police Department.

Accordingly, the motion is granted; however, should the plaintiff raise any issue as to the propriety of the investigation by the Braidwood Police Department, then the defendants may present evidence about its internal investigation including that the defendant officers were not disciplined following an investigation.

7.      <u>To exclude any reference to or testimony concerning prior incidents or contact between plaintiff and the defendant officers</u>.

According to the plaintiff, the record indicates that the plaintiff had prior contact with defendant Officer Savarino on three prior occasions and with defendant Officer Soucie on one prior occasion. According to the plaintiff, the prior incidents relate to a 2001 arrest for driving on a revoked license and driving under the influence, another arrest in "2000-2001" for driving on a revoked license and a 2003 arrest for an improper 911 call regarding an excessive cell phone bill. None of these were felony convictions or misdemeanors involving dishonesty. Thus, the fact of the convictions themselves are inadmissible under Fed. R. Evid. 609.

However, the defendants note that the prior interactions between the plaintiff and the officers are relevant to the plaintiff's claim of excessive force. "[T]he reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005)(citations and internal quotation marks omitted). Thus, the defendants contend that the officers' prior interactions with the plaintiff, which apparently included some resistance, inform the reasonableness of the force used by the officers in instant case. This court agrees. The circumstances of the officers' prior interactions with the plaintiff are directly relevant to the excessive force inquiry.

The court is not persuaded differently by the plaintiff's position that the prior arrests are bad acts which are inadmissible under Fed. R. Evid. 404(b) because the prior interactions are not being admitted "to prove the character of a person in order to show action in conformity therewith." Nor does the court conclude that the prior arrest evidence is inadmissible under Fed. R. Evid. 403. While the evidence of the prior interactions may result in some prejudice, the court does not find that their probative value is *substantially outweighed* by the danger of unfair prejudice.

Moreover, to the extent that the officers' deposition testimony contradicts their trial testimony, the plaintiff may use the deposition testimony to impeach the officers' testimony on cross-examination.

The plaintiff's motion in limine number 7 is denied.

8.      <u>To exclude any evidence that the plaintiff consumed alcohol other than on the evening in question</u>.

# STATEMENT

The defendants object to this motion on the ground that they should be allowed to present evidence of the plaintiff's intoxication during the three prior interactions by the defendant officers. The defendants contend that the plaintiff's intoxication during the three prior interactions is relevant to the jury's determination of the reasonableness of the force used by the defendants during their arrest of the plaintiff on September 16, 2007. The plaintiff argues that any evidence of his use of alcohol would be prejudicial (presumably under Fed. R. Evid. 403).

However, for the reasons stated in the court's ruling on the plaintiff's motion in limine number 7, the court denies the plaintiff's motion in limine number 8. The plaintiff's behavior, which includes whether he was under the influence of alcohol during the incident in question as well as to his three prior arrests, is relevant to the officers' state of mind and the excessive force inquiry. Thus, the defendant officers may testify as to the plaintiff's intoxication on the three prior interactions as well as on September 16, 2007. Any evidence of alcohol use on any other occasion is inadmissible.

9. To exclude any reference to any other police activity involving James More or incidents that did not involve the defendant officers.

Granted as the defendants do not object.

10. To exclude any evidence that the plaintiff has received or is entitled to receive benefits of any kind or character from a collateral source.

Granted as the defendants do not object.

11. To exclude any reference or statement that the plaintiff has any prior or subsequent medical condition.

Granted as the defendants do not object.

12. To exclude any reference or statement concerning the experience of any police officer being tasered in the course of training or otherwise.

The defendants object on the ground that the defendant officers have been tasered in training and therefore can "refute the Plaintiff's unsupported claims that tasers have a deadly, long-term effect on the heart by providing details of their own personal experiences with being tasered." Defendants' Response at 12, Dkt. #69. But the defendants' experiences with being tasered have no relevance to the plaintiff's claim of damages as a result of being tasered. The defendants do not point to any authority which allows one party to counter the other party's testimony regarding physical, mental or emotional damages with their own testimony that "the same thing happened to me and it wasn't so bad." Whatever effects the defendant officers felt from being tasered during training is simply irrelevant to the plaintiff's claim.

The plaintiff's motion in limine number 12 is granted.

13. To exclude any reference or statement that the defendant did not have a fair opportunity to

# STATEMENT

communicate with any health care provider.

Granted as the defendants do not object.

14. To exclude any reference to the position that the defendants will endure financial hardship or may file for bankruptcy, are currently bankrupt, or unable to pay any judgment against them.

Granted as the defendants do not object.

15. To exclude any argument attempting to blame or hold the plaintiff responsible for any missing witnesses.

Granted as the defendants do not object.

16. To exclude any references to public aid or public assistance with respect to the plaintiff's medical bills or as a source of income to the plaintiff.

Granted as the defendants do not object.

17. To exclude any testimony or reference to defendant officers having suffered injuries in other incidents prior to or after the incident at issue.

Granted as to the defendants do not object.

**B. Defendants' Motions in Limine**

1. Exclude any evidence related to settlement negotiations.

Granted as the plaintiff does not object.

2. Exclude any non-party witnesses from the courtroom.

Granted as the plaintiff does not object.

3. Exclude any references to the fact that the individual defendants may be indemnified.

Generally, any reference to indemnification is inappropriate. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998). However, the plaintiff may be entitled to introduce evidence of indemnity if the defendants open the door to the issue by introducing evidence of the officers' inability to pay damages. *Christmas v. City of Chicago*, 691 F. Supp.2d 811, 819 (N.D. Ill. 2010)(citation omitted). Thus, this motion is granted to the extent that the defendants do not open the door by introducing evidence as to the defendant officers' ability to pay any damages award.

4. Exclude any evidence related to alleged prior bad acts of defendants Savarino and Soucie, including but not limited to prior lawsuits, disciplinary actions or citizen complaints.

## STATEMENT

Evidence of prior bad acts is "not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, evidence of prior bad acts can be used "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

mistake or accident." *Id.* To introduce such evidence, a party must show that (1) the evidence establishes a matter other than propensity, (2) the other act is "similar enough and close enough in time to be relevant to the matter in issue," (3) evidence of the other act is sufficient to permit a jury to find that the act occurred,

and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Treece v. Hochstetler*, 213 F.3d 360, 363-64 (7th Cir. 2000).

As noted by the defendants in their reply brief, the parties agree that the following will not be admitted during trial:

- the fact that prior lawsuits have been filed against the defendant officers;
- the underlying facts of the *Quigley* case;
- the fact that Officer Savarino was given a verbal warning after failing to return to work after a court appearance; and
- civilian complaints regarding the arrest of a person named Joel Corbin.

However, the following are still at issue.

*Prior Lawsuits.* The plaintiff contends that it may seek to introduce the allegations underlying the prior lawsuits of *Grooms v. Coronelli*, *Gallaway v. Savarino* and *Kluge v. City of Braidwood*, which, he asserts, "address issues that make them strongly probative with respect to certain of Plaintiff's claims in this case." Plaintiff's Resp., Dkt. #70 at 3. According to the plaintiff, the *Grooms* and *Gallaway* cases both involve allegations of excessive force by the defendant officers as well their purported practice of fabricating criminal allegations against people in order to cover for their abuse. These cases both settled. As noted by the defendants, the only reason articulated by the plaintiff for admitting this evidence is essentially to show that the defendants must have used excessive force against this plaintiff because they have been accused of doing so in the past. But this is exactly the reason that Rule 404(b) does not allow such evidence. The plaintiff fails to point to any of the exceptions in Rule 404(b) as a ground for admitting the evidence. Accordingly, the defendants' motion to exclude evidence relating to the *Grooms* and *Gallaway* cases is granted. The plaintiff's assertion that the "records produced" in these cases did not reflect any initiation of the disciplinary process against the defendant officers by the Braidwood Police Department does not save him. Given that the cases settled, the jury has no way of knowing whether the allegations were substantiated such that disciplinary proceedings would even have been reasonable or expected in those cases.

The plaintiff contends that the facts underlying the *Kluge* case should be admitted because they involve a videotaped incident in which Officer Savarino purportedly allowed a dog to continue to attack a civilian who was on the ground and posed no threat. To the extent that the plaintiff justifies its admission on the ground that it "counters" Officer Savarino's position that he would not use excessive force on a civilian who did not pose a threat, this is in direct contradiction of the purpose of Rule 404(b). The plaintiff also argues that admission of the

**STATEMENT**

allegations in the *Kluge* case "establish absence of mistake or accident" with respect to Savarino's use of force. However, as noted above, in order to have prior bad acts admitted in order to show absence of mistake or accident, the evidence must be directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged. *Treece*, 213 F.3d at 363 (citation omitted). But whether Savarino used a Taser against the plaintiff by mistake or accident is not at issue in the case as Officer Savarino admits that he purposely used his Taser against the plaintiff. Accordingly, the allegations underlying the *Kluge* case are inadmissible.

*Issues that arose in conversations*. The plaintiff asserts that the defendants did not mention "other issues that arose in conversations following the failure to return to work as to Officer Savarino's ongoing problems in dealing with superior officers and the public." Thus, the plaintiff concludes that "those matters do not appear to be at issue" in the defendant's motion to exclude prior "bad acts" evidence. It is entirely unclear what the plaintiff is referring to; however, the defendants posit that he is referring to an internal memorandum written by a sergeant in the Braidwood Police Department.

In the memorandum, the sergeant relates that Officer Savarino expressed to his commanding officers that he was frustrated by civilian lawsuits and an investigation by the Attorney General's office with respect to the *Kluge* case, that he was frustrated by the acting Chief's handling of some of the internal affairs of the department and certain financial issues that the City of Braidwood was having. Finally, according to the defendants, the memorandum also suggests, though they dispute it, that Officer Savarino could "snap" at any moment and take his frustrations out on civilians.

To the extent that the plaintiff would seek to admit this memorandum in order to show that Officer Savarino's actions on the date at issue were in conformity with his character, such a request would be denied as the plaintiff has not offered any acceptable basis for its admission. Accordingly, the motion in limine to exclude this memorandum is granted.

*Civilian complaint against Officer Savarino regarding Taser deployment at Riverside Hospital.* According to the plaintiff, Officer Savarino deployed his Taser several times including when the arrestee was in four-point restraints. The plaintiff argues that evidence of the incident should be admitted because it shows "not . . . simply a propensity to use force, which would be impermissible, but of indiscriminate use of force and disregard for standards requiring analysis of the commensurate level of force appropriate to the conduct of the civilian." While the plaintiff invokes modus operandi, that exception to Rule 404(b) is simply inapplicable. "For modus operandi evidence to be useful, it must 'bear a singular strong resemblance to the pattern of the offense charged' with the similarities between the two crimes 'sufficiently idiosyncratic to permit an inference of pattern for purposes of proof.'" *U.S. v. Thomas*, 321 F.3d 627, 634-35 (7th Cir. 2003)(citation omitted). The plaintiff has failed to so demonstrate in this case. Accordingly, the defendant's motion in limine to exclude evidence of the civilian complaint arising from a Taser deployment at Riverside Hospital is granted.

5.    To exclude any evidence regarding the investigation by the FBI of Officer Savarino's arrest of Jim Kluge.

## STATEMENT

Granted as the plaintiff does not object.

6. <u>To bar the plaintiff from eliciting or presenting testimony or argument regarding the voltage of the taser used in his arrest absent expert testimony.</u>

Granted as the plaintiff does not object. However, if the defendants open the door to testimony related to their personal experiences of tasering, then the court will revisit this ruling as necessary at trial.

7. <u>To bar the plaintiff from eliciting testimony or presenting argument that the surveillance video from the Braidwood Police Department was improperly destroyed.</u>

The defendants seek to bar any testimony or argument that the surveillance video (which the plaintiff asserts contained images from the plaintiff's booking and interrogation at the Braidwood Police Department) was "improperly destroyed." According to the defendant, a request for preservation of the tapes was not sent to the Braidwood Police Department until after the relevant portion of the surveillance video had already been recorded over or destroyed pursuant to the Braidwood Police Department's regular custom and practice. The defendants further state that the video was not preserved because the camera with recording capabilities was not positioned in a manner that would have captured the interaction between the plaintiff and the defendants. According to the defendants, allowing the plaintiff to refer to the destruction of the video "would result in irreparable prejudice to the defendants and should not be permitted" citing to Fed. R. Evid. 403. Presumably, the concern is that a jury could infer that the defendants did something wrong or were trying to hide something by destroying or videotaping over the surveillance tape.

In support of their position, the defendants cite only to *Parks v. City of Chicago*, 297 F.3d 606 (7th Cir. 1999), in which the Seventh Circuit stated that simply because a party destroys or does not produce a document does not in and of itself "warrant an inference that the document, if produced, would have contained information adverse to the employer's case." *Id.* at 615 (citation omitted). Instead, the Seventh Circuit stated that the employer must have destroyed the evidence in bad faith. *Id.* According to the defendant, no bad faith has been shown.

The plaintiff objects to the defendants' motion, contending that the Braidwood Police Department made audio and videotape recordings of the plaintiff's treatment at the police department but that these recordings were destroyed. According to the plaintiff, destruction of the videotape is relevant to the jury's full and fair consideration of the claims in this case. The court understands the plaintiff to be making a spoliation claim.

Spoliation of evidence occurs where a party "destroys evidence relevant to an issue in the case." *Smith v. United States*, 293 F.3d 984, 988 (7th Cir. 2002). In order to impose sanctions for the destruction of evidence, a party must first show that the destruction occurred in bad faith. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008)(citation omitted). "'[B]ad faith' means destruction for the purpose of hiding adverse information." *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998). "In addition, where destruction occurs prior to litigation, it must be shown that the non-moving party had 'a duty to preserve evidence because it knew, or should have known, that litigation was imminent.'"

## STATEMENT

*Grubb v. Board of Trustees of the University of Illinois*, --- F.Supp.2d ----, 2010 WL 3075517, *3 (N.D. Ill. Aug. 4, 2010)(citation omitted).

In their reply, the defendants assert that no evidence exists that any videotape of the plaintiff was made and even if there was, the tape was "recycled" in accordance with Braidwood Police Department policy prior to a request being made. At least based on the deposition testimony of Officer Savarino, no particular policy or procedure existed with respect to the videotaping of events inside the booking room. According to Savarino, it is up to the dispatch agents as to whether they even record events and no dates are associated with tapes that are made. Savarino testified that "There's several tapes outside the VCR. As that tape fills up, you put it at the end of the slot, and you grab the one at the end, and you just keep rotating them." Savarino Dep. at 60, attached as Exh. B to the Defendant's Reply in Support of their Motions in Limine, Dkt. #72. Officer Soucie, who also was present during the altercation in the booking room, testified at this deposition that he never saw any videotape of the events in question and was never made aware of any videotape. In addition, Sergeant Kaminski testified that the camera that recorded events was in the booking room at the Braidwood Police station and that no written policy exists as to the retention of videotape. Sergeant Kaminski also testified and apparently stated in a November 6, 2007, letter in response to a subpoena for any tapes (though all of the transcript associated with this topic is not provided) that the policy of the Braidwood Police Department was to retain videotape only for 30 days and that, if no request was made for the tape within that period of time, it was destroyed. It is not clear when the Braidwood Police Department received the subpoena, but it apparently was after the 30-day window.

Because the plaintiff's have not pointed to any evidence that the destruction of the surveillance tapes was in bad faith or that the defendants had a duty to preserve the tapes because they knew that litigation was imminent, the defendants' motion to exclude any testimony or argument regarding the destruction of the videotapes is granted. The parties shall make no mention of the destruction of the videotapes in opening statements, when eliciting testimony or in closing arguments. However, at trial, the plaintiff may seek to make an offer of proof outside the presence of the jury regarding bad faith and the defendants' duty to preserve. If the court accepts the offer of proof and concludes that the plaintiff has met its burden of demonstrating bad faith and a breach of a duty to preserve, then the court will revisit this ruling.

8.  <u>To bar the plaintiff from presenting evidence or argument that the Defendants failed to disclose data download reports in a timely manner</u>.

    Granted as the plaintiff does not object provided that the defendants follow through on their purported agreement to produce the requested taser data download information.

9.  <u>To bar the plaintiff from presenting any witnesses that were not disclosed in the course of discovery</u>.

    Granted as the plaintiff does not object.

RH/p