# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5203 | **DATE** | September 21, 2010 |
| **CASE TITLE** | *More v. City of Braidwood* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendants' tenth motion in limine [77] is denied.

■[ For further details see text below.]

00:00

## STATEMENT

Pursuant to the schedule ordered by the court, the parties filed motions in limine in anticipation of the September 27, 2010, trial and the court ruled on those motions. Dkt. #76. At the pretrial conference, the defendants were granted leave to file another motion in limine, which is now before the court.

The plaintiff claims that on his way out of the Braidwood Police Department after having been arrested and held on a disorderly conduct charge, the defendant officers struck and tasered him. As a result of this confrontation, the plaintiff was re-arrested and charged with aggravated battery and obstruction of a police officer. The plaintiff was subsequently acquitted of the aggravated battery charge and the obstruction charge was dismissed. On his list of trial exhibits, the plaintiff includes the judgment order and disposition of the aggravated battery charge (Plaintiff's Exh. 20) and the disposition of the obstruction charge (Plaintiff's Exh. 21). The defendants seek to exclude these orders on the ground that they are unduly prejudicial to the defendants under Fed. R. Civ. P. 403, particularly as to the plaintiff's false arrest claim against the officers.

However, the plaintiff has also alleged a state law malicious prosecution claim, one of the elements of which is that the plaintiff received a favorable termination of the original criminal proceeding. *Aguirre v. City of Chicago*, 887 N.E.2d 656, 662 (Ill. App. Ct. 2008). Thus, the disposition of the battery and obstruction charges is directly relevant to at least one of the plaintiff's claims. The defendants contend that they will be unduly prejudiced by the introduction of the disposition orders and assert that they will stipulate that the criminal proceedings terminated in favor of the plaintiff. As noted by the plaintiff, however, it need not agree to the defendants' offer to "stipulate the evidence away." *See U.S. v. Williams*, 238 F.3d 871, 874-6 (7th Cir. 2001).

The court finds that the probative value of the evidence is not outweighed by the danger of unfair

| STATEMENT |
|---|

prejudice, confusion of the issues or misleading the jury because any concerns regarding prejudice can be addressed through a proper limiting instruction. *Orlowski v. Eriksen*, No. 07 C 4015, 2009 WL 2366050, at *5 (N.D. Ill. Jul. 31, 2009)(denying defendant's motion in limine to exclude evidence of underlying state court verdict because it was directly relevant to the plaintiff's malicious prosecution claim and any prejudice could be addressed through a limiting instruction). Given that the plaintiff has offered to work with the defendants to draft an appropriate limiting instruction, the court encourages the parties to do so prior to trial.

    The defendants' tenth motion in limine is denied.

RH/p