# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5203 | **DATE** | September 21, 2010 |
| **CASE TITLE** | *More v. City of Braidwood* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's motion to compel [79-1] is denied.

■[ For further details see text below.]

00:00

## STATEMENT

    Before the court is the plaintiff's motion to compel downloads of Taser discharge data that it requested from the defendants after the close of discovery. The plaintiff previously filed a motion to compel the discharge data before the magistrate judge, who ordered the defendants to produce the data. A hearing was held on the motion to compel, and the magistrate judge's decision to grant the motion was delivered orally at the hearing. The plaintiff did not provide a transcript of that hearing; accordingly, this court does not know the details of the argument before the magistrate judge or the basis for the magistrate judge's decision.

    From what the court can ascertain from the instant motion to compel and response, an apparent disagreement exists as to which officer tased the plaintiff, and therefore, which Taser was actually used on the plaintiff, an M26 or an X26. The plaintiff thus requested Taser download data from the police department's M26 and X26 Tasers in order to determine which Taser was discharged on the date in question, which would assist in identifying which officer tased the plaintiff. The Taser discharge data can only be obtained by sending the Taser back to the manufacturer, Taser International, for download.

    After the magistrate judge granted the plaintiff's first motion to compel, the defendants sent an August 19, 2010, letter to the plaintiff with download information from Taser International as to the two X26 Tasers that the department sent in. This data does not reflect a discharge by either of these Tasers on the date at issue. The August 19, 2010, letter from the defendants also states that the department was awaiting the download data from the M26 Taser. To date, the plaintiff has not received the M26 download data and thus filed this second motion to compel.

    In their response to the motion to compel, the defendants assert that only X26 Tasers were in use by the department on the date of the plaintiff's arrest in September 2007. Nevertheless, despite their belief that

| STATEMENT |
|---|

the M26 data is irrelevant, the defendants state that they have been in contact with Taser International several times in an attempt to determine whether the download was performed on the M26 model that had been sent in. The defendants state that they have "yet to hear back from Taser International regarding the M26 data downloads."

In addition to not receiving the M26 downloads, the plaintiff complains that the defendants may somehow have facilitated the destruction of possibly relevant information by asking Taser to replace the outdated M26 with an X26. According to the plaintiff, such a replacement would have required Taser to reformat the M26. The defendants agree that when they sent in the M26 Taser for data downloads, they also asked Taser to send back an X26 as a replacement for the outdated M26. However, the defendants assert that they "in no way and at no time suggested to Taser International that the M26 Model [T]aser should be reformatted, destroyed, discarded or done away with in any manner prior to the data downloads being generated." According to the defendants, they have made a good faith effort to provide the plaintiff with the data downloads and continue to attempt to obtain downloads from the M26 model.

The court denies without prejudice the plaintiff's motion to compel because the plaintiff has not established that the defendants have willfully failed to provide the data download information. The defendants shall continue their efforts to obtain the data downloads from the M26 Taser. The plaintiff may renew his motion prior to trial, if necessary. If he does so and asks that an adverse jury instruction be given, he should be prepared to submit an offer of proof outside of the presence of the jury establishing a duty and willfulness, as provided in the order on the motion in limine with respect to the surveillance tapes. In the meantime, the defendants may want to consider what evidence they may need, such as affidavits, correspondence, etc., to respond to a renewed motion to compel if they are unable to obtain the information from Taser.