91/08-5901.DV / kjs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 08 C 5203 |
| | ) |
| CITY OF BRAIDWOOD; OFFICER DOUGLAS SAVARINO, Star #118, a Braidwood Police Officer; OFFICER ALLEN SOUCIE, Star #120, a Braidwood Police Officer; and UNKNOWN BRAIDWOOD POLICE OFFICERS, | ) Judge Blanche M. Manning |
| | ) |
| Defendants. | ) |

**MOTION OF DEFENDANTS FOR JUDGMENT AS A MATTER OF LAW
AT THE CONCLUSION OF THE PLAINTIFF'S CASE**

NOW COME the Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALLEN SOUCIE, by and through one of their attorneys, WILLIAM W. KURNIK, and, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, move for the entry of judgment in their favor and against the Plaintiff, James More, as a matter of law. In support, the Defendants submit the following:

1. In connection with the claim of the Plaintiff that the use of force as described by the Defendants was unreasonable, the Defendants are entitled to judgment as a matter of law.

    a) Where the material facts are undisputed, as would be the case where a plaintiff contends that the events as described by the plaintiff amounted to excessive force, the reasonableness of the officers' use of force is a question of law for the Court. *Bell v. Irwin*, 321 F.3d 637, 640 (7th Cir. 2003) ("Since

    *Graham* we have regularly treated the reasonableness of force as a legal issue, rather than an analog of civil negligence.")

  b) Alternatively, on the issue of whether the force used was reasonable, on the undisputed facts the Defendants are entitled to qualified immunity, which is a question of law to be decided by the Court. *Forman v. Richmond Police Department*, 104 F.3d 950, 957 (7th Cir. 1997). And once raised, it is Plaintiff's burden to defeat qualified immunity. *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008).

2. In connection with the detention of the Plaintiff at the police station, the Defendants are entitled to judgment as a matter of law as the detention was reasonable.

  a) The Plaintiff was convicted of disorderly conduct, the charge on which he was arrested, and this finding is conclusive on the issue of whether probable cause existed to arrest the Plaintiff for committing the offense of disorderly conduct. *Brown v. City of Chicago*, 599 F.3d 772 (7th Cir. 2010); *American Family Mut. Ins. Co. v. Savickas*, 193 Ill.2d 378, 739 N.E.2d 445 (2000).

  b) The probable cause test "is an *ex ante* test" and the continued detention even where facts are later discovered negating probable cause is not unlawful. *Qian v. Kautz*, 168 F.3d 949, 953-54 (7th Cir. 1999); *Newsome v. McCabe*, 259 F.3d 747, 750 (7th Cir. 2001) ("If probable cause exists at the time of arrest, then the police cannot be held liable for ensuing custody, even if mistaken." Citing *Baker v. McCollam*, 443 U.S. 137, 99 S.Ct. 2689 (1979)); *Tibbs v. City of Chciago*, 469 F.3d 661, 665 (7th Cir. 2006) (where an individual is legally arrested "*Baker* forecloses any due process claim based on unreasonable post-arrest and post-detention.")

WHEREFORE, the Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALLEN SOUCIE, respectfully request that judgment be entered in their favor and against the Plaintiff, James More, on the foregoing claims and further request that the jury be instructed that those claims are not at issue in this case.

Respectfully submitted by:

/s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney Bar #01550632
One of the Attorneys for the Defendants, CITY OF BRAIDWOOD, OFFICER DOUGLAS SAVARINO, and OFFICER ALLEN SOUCIE

### CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on November 18, 2010, the foregoing ***MOTION OF DEFENDANTS FOR JUDGMENT AS A MATTER OF LAW AT THE CONCLUSION OF THE PLAINTIFF'S CASE*** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **Daniel P. Kiss at** dkiss@jackowiaklaw.com
- **William W. Kurnik at** bkurnik@khkklaw.com
- **Louis Joseph Meyer at** lmeyer@jackowiaklaw.com, meyerlouis@hotmail.com
- **Krista Eleanore Stalf at** Kstalf@khkklaw.com, tmulligan@khkklaw.com
- **Mark Parts at** mparts@pslegal.net

/s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney Bar #01550632
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
5600 North River Road, Suite 600
Rosemont, Illinois 60018-5114
Telephone:	847-261-0700
Facsimile:	847-261-0714
E-Mail:	BKurnik@khkklaw.com